Jones *v.* Zoning Board of Adjustment
(et al., Appellant).

Argued September 27, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard Eisen,* with him *Julian Ruslander, Robert Engel,* and *Berkman, Ruslander, Lieber & Engel,* for appellant.

*Kennedy Smith,* with him *Kline and Smith,* for appellees.

*Gerald S. Lesher,* with him *J. Stanton Carson,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 29, 1966:
On July 31, 1962, the president of Ivy Nursing Home, Inc. entered into an agreement for the purchase of certain property for use as a nursing home. On November 10, 1962, an application was filed with the zoning administrator of the Pittsburgh Department of City Planning, requesting an occupancy permit for a nursing home. The administrator denied the application because of insufficient side yard footage. On December 2, 1962, an appeal from the decision of the adminis-

trator was filed before the board of adjustment, which after hearing, granted a variance to the applicant on July 2, 1963.

Section 220 of the Building Code of the City of Pittsburgh (Ordinance No. 300, approved August 6, 1947) provides: "If after issuance of a building permit the construction work has not been started within six months or subsequent to the starting thereof has been discontinued for a period of six months, said permit shall become void, unless extended by the Board of Standards and Appeals."

Furthermore, §3003-3 of the Ordinance of May 10, 1958 provided in pertinent part: ". . . When the Board has authorized the issuance of Occupancy Permit for a Special Exception or granted a variance, (A) . . . if the . . . Special exception or variance involves physical improvement and such physical improvement has not been substantially started within six (6) months after the date of said approval or authorization . . . the said approval or authorization shall be void unless . . . the Board . . . renews its approval or authorization." On February 27, 1964, §3003-3A was amended by Ordinance No. 73 of 1964 by adding the words "or until" after the word "unless" so that the line reads ". . . the said approval or authorization shall be void unless or until . . . the Board . . . renews its approval of the authorization." In addition, the amendment added the following language: "Council may renew its approval of a Conditional Use or the Board may renew its authorization for a Special Exception or a variance, by formal action, but without other procedures prerequisite to the original approval or authorization (including public hearings), with[in] one (1) year of said original approval or authorization. Such renewed approval or authorization shall have the same effect as the original and shall be void under the preceding conditions, unless renewed."

No construction work was begun on the proposed nursing home within either six months or one year of the grant of the variance, and on August 20, 1964, applicant was advised by the Superintendent of the Bureau of Building Inspection that the variance of July 12, 1963 had expired and that a construction permit would not be granted unless the board of adjustment issued an extension. The applicant then requested a renewal which was granted on August 28, 1964. Because of an error in the first renewal, which error is not here important, a second renewal was granted on October 30, 1964 correcting the mistake.

On February 23, 1965, the sale of the property to Ivy was consummated, and the balance of the purchase price was paid in full. On the following day, Ivy entered into a construction contract and two days thereafter received its building permit.

Objectors complained to the board of adjustment regarding the renewal of the variance, and a public hearing was held on March 25, 1965. By decision dated April 23, 1965, the board concluded that the variance had been properly renewed.

Objectors appealed to the county court, which sustained the appeal and decided Ivy should apply to the board for a de novo determination of its request for a variance. Pursuant to Supreme Court Rule 68½, Ivy filed a petition for a writ of certiorari with this Court. We granted the petition, and this appeal followed.

Ivy contends that as used in the zoning ordinance under consideration, the word "void" means "voidable." We agree, because if the word "void" be read literally, then the variance must be utterly incapable of renewal and the amendment ineffective in that no procedure therein established would be able to revitalize the authority of the board to grant a renewal after the six month period. Since the amendatory ordinance contemplated a proceeding which would have revitalized

the variance, but is vague as to the method by which a renewal should be accomplished, and since Ivy indulged in an activity apparently acquiesced in by the regulatory body as a means of protecting and reviving its variance, there is ample justification for our sustaining Ivy's appeal. We believe that the reliance by Ivy upon the Superintendent's letter, by which reliance Ivy obtained an honest renewal of its variance in good faith, coupled with its substantial expenditures in paying the balance of the purchase price and its binding commitment in engaging a contractor, is sufficient to estop the zoning authorities from revoking the renewed variance. 1 Law of Zoning, Metzenbaum 172-173 (2d Ed. 1955). Any other result would work undue hardship upon a zoning applicant who followed in good faith reliance the advice and procedures recommended by the municipal authorities to secure the protection and perpetuation of a validly obtained zoning variance. The zoning ordinance itself is ambiguous and uncertain in establishing a procedure whereby a variance may be renewed, and a confused applicant is justified indeed in accepting the advice of the zoning authorities with regard to implementing the ordinance.

Order reversed.

Mr. Justice MUSMANNO and Mr. Justice ROBERTS concur in the result.