# Rissmiller, Appellant, v. Evangelical Lutheran Congregation et al.

*Contracts—Consent of parties—Building committee—Agency—Authority—Knowledge—Agreement to award bid for erection of church.*

1. Contracts are derived from consent, and cannot, as a rule, be binding where there is no real consent established.

2. Where two church congregations agree to build a church in common, and appoint a building committee for that purpose, and the committee authorize two of its members to invite five selected contractors to bid and to give to each a copy of the plans and specifications, the lowest bidder has no right of action against the two churches because his bid was rejected, where he shows that the two individual members had agreed with him that the contract would be let to the lowest bidder, and that it was only on this understanding that he became a bidder, without any proof that the individual members had any authority to make such an agreement, or that the committee had any knowledge that such an agreement had in fact been made.

*Jury—Challenges—Cause—Membership in religious denomination.*

3. In an action against two affiliated churches to recover damages for alleged breach of contract, jurors are not disqualified merely because they are members of other church congregations affiliated or associated with one or other of the general denominations with which the two defendant churches are associated.

*Appeals—Review—Judgment—Reasons for judgment.*

4. Appellate courts do not review reasons for judgments, but the judgments themselves. A wrong reason for a right judgment is no ground for reversal.

Argued March 9, 1920. Appeal, No. 156, Jan. T., 1920, by plaintiff, from judgment of C. P. Northampton Co., July T., 1916, No. 20, on verdict for defendants in case of Eugene Rissmiller v. Evangelical Lutheran Congregation, Saint Peters, Plainfield Township, Northampton County, and German Evangelical Reformed Congrega-

tion of Plainfield. Before BROWN, C. J., STEWART, FRA-
ZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract. Before McKEEN, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were refusal of various challenges to
jurors, and various rulings and instructions.

*H. M. Hagerman,* with him *Everett Kent,* for appellants.

*Robert A. Stotz,* for appellee.

OPINION BY MR. JUSTICE STEWART, June 26, 1920:

This action was brought for the recovery of damages
for the breach of a parol contract which the plaintiff alleges he had entered into with the defendants for the
erection and construction of a church or place of divine
worship, in Plainfield Township, Northampton County.
Plaintiff is a building contractor; defendants are two
separate congregations, one associated and in connection
with the Evangelical Lutheran Church, the other associated and in connection with the German Evangelical Reformed Church. These two congregations have a common place of worship which they own in common and
which they alternately use and enjoy. They had unitedly determined upon the erection of a new church building, and having adopted plans and specifications for the
proposed building by united and concurrent action, they
appointed a building committee composed of four members, two from each congregation, and two additional
advisory members, the pastors of the several congregations, and empowered them to contract for the erection
of the proposed building. This committee determined
on five building contractors from whom they would so-

licit separate bids, and appointed several of its members to see the contractors named, and furnish each with a copy of the plans and specifications adopted, and report the bids received to the joint committee of the trustees of the several congregations for them to act upon. The plaintiff was among those invited to bid, and his bid was the lowest. The congregations meanwhile having concluded to adopt in the construction of the building a different material than that specified in the proposals, rejected all the bids received, and asked for new bids on the specifications as thus amended. New bids were received and of these plaintiff's bid was again lowest. Notwithstanding such fact, the bid of another contractor, somewhat higher than that of plaintiff, was accepted and the contract was so awarded. It was the contention of the plaintiff, and he so testified, that before submitting his bid, it was represented to him by two members of the building committee that the committee had decided that instead of advertising for bids they would confine the bidding to five contractors, plaintiff being one, and that the understanding was that whichever bidder should be the lowest the contract should be awarded to him; and that it was with this understanding, namely, that the contract should be awarded to the lowest of the bidders, that he consented and became a bidder; that, notwithstanding his bid was the lowest, the contract was awarded to another and higher bidder, in violation of the terms of the agreement, and that in consequence plaintiff was subjected to great loss for which he claimed recovery. We have given in full the evidence relied upon to establish the contract for the breach of which the action was brought, and it is derived wholly from plaintiff's own testimony. To say that from this a contract obligation rested upon the building committee—and through it upon the congregations they represented—to give the contract for the erection of the church to the plaintiff, if the lowest bidder, is to lose sight of the legal essentials upon which a contract must be based. Contracts are de-

rived from consent; they cannot, as a rule, be binding where there is no real consent established. It was not pretended that the building committee ever authorized any of its individual members to say to any of those invited to bid on the proposals that the contract would be let to the lowest bidder, or that it had any knowledge that any such representations had been made to this plaintiff or to any of the others of those invited to submit a bid; nor did the evidence disclose any authority, general or otherwise, in the individual members of the committee to make any stipulation or agreement touching or concerning the building contract. The utmost authority given them was to invite five selected contractors to bid separately upon the contract, and to give each a copy of the plans and specifications. Nothing more can be derived from this evidence than an understanding between plaintiff and the two individual members of the committee who acted without authority from the building committee, the only party whose acts could bind the several congregations, and without whose consent or authorization no contract entered into by others could be binding.

At the close of the plaintiff's case, the defendants asked for a nonsuit on the ground we have indicated. This request was refused and the trial proceeded with the result that the jury rendered a verdict in favor of defendants. From the judgment entered upon the verdict plaintiff has taken this appeal, and has burdened the record with twenty-nine assignments of error, none of which calls for consideration, for the reason that the first ten are to the refusal of the court to sustain challenges to jurors on no other ground than that, while not members of either of the particular congregations that are defendants, they admitted that they were members of other congregations affiliated or associated with one or other of the general denominations with which these particular congregations were associated. We do not deem it necessary to say anything in vindication of the court's action.

The remaining assignments relate to matters of evidence arising on the trial after the plaintiff had closed his evidence, and nonsuit had been refused.   In the view we have taken of the case, these call for no consideration. The plaintiff showed no basis whatever on which a verdict in his favor could have rested.   A nonsuit should have been ordered.   We repeat what was said by WOODWARD, J., in Thomas v. Mann, 28 Pa. 520,—the only error upon the record is a wrong reason for a right judgment; but, as we review not reasons but judgments, we find nothing here to correct.

Judgment affirmed.