# Northwestern Consolidated Milling Co. *v.* Campbell & Campbell, Appellants.

*Contracts—Verbal communication—Confirmation—Breach.*

Where the parties discussed an intended contract, understanding that a formal instrument in writing was to be executed before the contract could be considered in force, there would be no contract, so long as one of the parties withheld signature from the writing, pending agreement as to the time of performance.

The plaintiff, having failed to show that the minds of the parties had actually met and agreed upon all the essential terms of the contract, is not entitled to judgment for a breach thereof, and judgment rendered for plaintiff under such circumstances will be reversed.

Argued October 13, 1921. Appeal, No. 222, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1921, No. 464, for plaintiff upon trial by the court, without jury, in the case of the Northwestern Consolidated Milling Company v. Oscar H. Campbell and M. G. Campbell, partners trading as O. H. Campbell & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on an alleged contract. Before GILBERT, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $225.10, and entered judgment thereon. Defendant appealed.

*Errors assigned* were refusal of defendant's point and motion for judgment non obstante veredicto.

*Albert T. Hanby,* for appellants.—There was no contract, because there was no completed agreement: Mayo v. Koller, 28 Pa. Superior Ct. 91; Swing v. Walker, 27 Pa. Superior Ct. 366; Powers v. Curtis, 147 Pa. 340.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellee.—Letters exchanged in confirmation of a verbal agreement will be presumed to correctly state it, especially where they are retained without objection: Robert Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241; Manufacturers Heat & Light Co. v. Lamp, 269 Pa. 517.

OPINION BY HEAD, J., December 12, 1921:

The plaintiff declares its cause of action arose from the breach of an alleged contract entered into by it and the defendants. The sixth paragraph of the statement indicates the nature and terms of the contract on which the plaintiff relies: "6. By verbal communication between Oscar H. Campbell on behalf of the defendants and D. W. Meredith duly thereunto authorized by the plaintiff, the defendants did purchase from the plaintiff on or about July 8, 1920, ten tons of bran at $58.90 per ton and twenty tons of standard middlings at $62.40." Had the statement stopped at that point we would be without information as to the times and terms of shipment and other essential matters. In the seventh paragraph of the statement, the plaintiff declares what further was done in order to make apparent those details of the alleged contract concerning which the sixth paragraph was silent. "7. Thereupon the plaintiff did send to the defendants its regular original and duplicate sales contract for the signature of the defendants in similar form, two true and correct copies thereof, hereto attached marked exhibits A and B and made part of this statement of plaintiff's claim." It appears to us to be a conclusion from which we cannot escape after reading the last quoted paragraph, that it was the understanding of the parties that a formal instrument in writing was to be executed before the contract could be considered in force. When we turn to the exhibits referred to in the paragraph quoted, we find that the time of shipment as therein stated was to be "soon as possible." Now, the defendants replied to the plaintiff's letter enclosing the confirmation contract of the alleged sale on July 17th. That letter among other things contains the following, to wit, "Has this car been shipped? Of course we expected same to be shipped at once on the prices as we can buy on Last half of July and 1st half Aug. at a less figure. Please let me hear from you etc." On July 20th, the plaintiff replied to that letter and their reply contains

this significant statement: "It is necessary that signed contract be received from you before we can order car from mills and if you will let us have same by return mail......we will ask shipment as you request." The defendants never signed the confirmatory contract which, as just stated, was a necessary condition precedent to the contract becoming operative. Their reasons for signing appear to have been the indefinite obligation upon the part of the plaintiff as to the time of shipment. The term used in the confirmatory contract forwarded for the signature of the defendants was "soon as possible." The other party took the position that the original negotiations were all predicated upon an undertaking on the part of the plaintiff it would ship at once. Much correspondence ensued, being chiefly letters from the plaintiff, with one or two from defendants, all of them confirming the theory that the negotiations had, in fact, broken down and that the minds of the parties had never met upon all of the terms of the alleged contract. This correspondence is attached to and made part of the statement of claim. After the best examination that we have been able to give to the whole of it, we are of opinion the plaintiff's case failed, in that it was unable to point to a time when and where there was evidence to show the minds of the parties had actually met and agreed upon all of the essential terms of a contract.

We are of the opinion that the learned judge below should have made absolute the rule for judgment in favor of the defendants non obstante veredicto.

The judgment is reversed and the record is remitted to the court below, with direction to make absolute the rule for judgment non obstante veredicto and to enter a judgment for the defendants accordingly.