Klemm Reflector Company, Appellant, *v.*
Munro et al.

Argued January 16, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

198

*James A. Keough,* with him *Levi, Mandel & Miller,* for appellant.

*Edgar S. McKaig,* of *Adams, Childs, McKaig & Lukens,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

This action was brought to recover the price of eighty reflectors manufactured for appellees or, as the court below stated, for breach of an alleged contract, partly oral and partly written, for the purchase of reflectors. After preliminary negotiations and some purchases by appellees from appellant, they gave an order for reflectors as follows: "We give you a blanket order for all our requirements for reflectors, wiring, etc., up to March 31," a period of three months, at a designated price with no quantity mentioned. As appellant required special materials for manufacture and desired to obtain the advantage of large purchases of supplies, it requested a more definite order from appellees. In reply to a request for definite information as to the number of reflectors required within the stated period, appellees were vague because they could no more determine what they would sell than could appellant. However, their agent stated to appellant's representative the belief that 200 could be absorbed. This action is based upon the written order and the conversation.

Neither the order nor the conversation support a contract. Appellant argues, however, that when the two are combined, the result is a "requirement" contract, with a minimum figure set at 200. Assuming, but not deciding,

that the written order may constitute a "requirement" contract, the statement by appellees' agent that he felt satisfied that 200 would be absorbed within the three months period does not make out a contract to purchase that many. The contract should be certain and explicit, not vague or indefinite, and the statement, "It was satisfactory to Mr. Munro if we made up to 200" does not show a definite intent to take 200. Under certain circumstances, the effect of the word "requirement" may be supplied by evidence showing in an established business the ordinary or customary "requirements," and such contract is not uncertain or lacking in mutuality nor does the explanation violate our Parol Evidence Rule. Technical words may be explained by oral testimony. See 7 A. L. R. 498, 507; *McKeever, Cook & Co. v. Canonsburg Iron Co.*, 138 Pa. 184. Here no ground has been laid to support any such interpretation or conclusion.

The evidence was entirely too vague to establish with requisite preciseness that a definite contract was entered into wherein the appellees irrevocably bound themselves to take 200 reflectors. In *Hall & Co. v. Woolen Co.*, 187 Pa. 18, a case similar to this, we stated: "However ambiguous it may be, there is nothing in the evidence which relieves it to any extent of its ambiguity; nothing to carry it to the jury. As we read it, it is an undertaking on the part of the defendants, a company engaged in the manufacture of woolen fabrics, to purchase from the plaintiffs, who were dealers in materials, all the colored noils they would require in the course of their business as manufacturers during the year 1887, to be delivered in monthly installments, at forty cents per pound. It has not been shown that the defendants failed in any respect to comply with their agreement, or that they failed to pay for any noils they received, or that they received any from any other source, or that they ever received from the plaintiffs any of the noils sued for in this action." See also *Ogden v. Traction Co.*, 202 Pa. 480; *McNeely v. Bookmeyer*, 292 Pa. 12; *Farren v. McNulty,*

277 Pa. 279; *Ruth-Hastings Glass Tube Co. v. Slattery,*
266 Pa. 288.
Judgment affirmed.