## Stradling, Appellant, v. Allied Housing Associates, Inc.

Argued April 14, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Edwin Fischer,* with him *Webster S. Achey,* for appellant.

*J. Ross,* of *Ross & Ross,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

Plaintiff instituted this action in assumpsit against defendant to recover rents alleged to be due upon a written contract to lease an unspecified number of tractors and trailers. The question involved is whether the written contract between the parties obligated the defendant to use plaintiff's equipment for *all* of its hauling during the contract period or whether the extent to which it was to be used was optional with defendant. The contract provided that "The Lessor [plaintiff] agrees to furnish said vehicles, or any of them to the Lessee, upon twenty-four hours' notice on any day or days required, in good operating condition and repair, and to bear the full cost and expense of all repairs . . . and other engine running supplies consumed by said vehicles while same are in Lessee's possession." It was also agreed that whenever the vehicles "are in [Lessee's] possession and it shall have no requirement for the use for any period of twenty-four hours or more, it will surrender same to the Lessor. . . ." It was further provided that, "As rent Lessee shall pay to the Lessor the sum of One Dollar, the receipt whereof is hereby acknowledged, and also rent at the rate of fourteen cents per mile for each and every mile . . . said vehicles, or any of them are operated by Lessee during the period of this lease. . . ." The agreement was terminable by either party upon thirty days' written notice, but, if not so terminated, was to remain in effect for one year,

Plaintiff's statement of claim, as amended, averred that defendant did use a tractor and trailer of plaintiff for about one month, and then an agent of defendant orally informed plaintiff that defendant had "engaged a larger Trailer and Tractor, and could not and would not use [plaintiff's] . . . any longer." Plaintiff avers that defendant had use for and did use other tractors and trailers during the contract year in excess of 50,380 miles, and claims rentals at the contract rate of fourteen cents per mile, or a total sum, less estimated expenses, of $5,331.72. Defendant filed an affidavit of defense raising questions of law. The court below sustained the affidavit, holding that the use of the trucks was entirely optional with the lessee, and entered judgment for defendant. Plaintiff then brought this appeal.

A reading of the disputed contract clearly shows that the lessee made no promise or warranty that it would actually use and operate *any* tractors and trailers for *any* minimum time or minimum number of miles; *the use of the vehicles was entirely optional with the lessee.* The clear and unambiguous agreement amounts to nothing more than a statement of terms upon which the lessor would lease his equipment in case the lessee *desired* to use it. The latter, on the other hand, merely agreed that, *if he did use the lessor's vehicles* during the period of the contract, he would operate and pay for them in accordance with the stated terms.

In spite of the agreement's unequivocal terms, appellant seeks to have it construed as a contract to supply defendant's total requirements. He points out that the contract provided that lessor was to furnish vehicles "on any day or days *required*" and the lessee agreed it would surrender the vehicles to the lessor when "it shall have no *requirement* for the use" of the same. These two provisions do not make the contract a requirement contract within the legal definition of that term. To have such a contract, obligating the lessee to use the lessor's vehicles *exclusively*, there must be a statement in the agreement that the lessor is to furnish *all* vehicles

408

which might be required in the business of the lessee. See *Diamond Alkali Co. v. Aetna Explosives Co.*, 264 Pa. 304, 107 A. 711; *Poland Coal Co. v. Rogers*, 260 Pa. 118, 103 A. 559. The case of *Klemm Reflector Co. v. Munro*, 321 Pa. 197, 183 A. 803, cited by appellant in support of its contention that the contract in the instant case is a requirement contract, is clearly distinguishable. The contract in that case was a true requirement contract since the agreement was an order to defendant by plaintiff "for *all* our requirements for reflectors, wiring, etc., up to May 31."

The judgment and decree of the court below is affirmed.