## Borough of Norristown *v.* Michael Erdek, Richard Libson et al.

578

Argued March 3, 1971, before President Judge Bow-
man, and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Manderino, Mencer, and Rogers.

*Paul C. Vangrossi,* for appellant.

*Wallace A. Murray, Jr.,* with him *Wisler, Pearl-
stine, Talone & Gerber,* for appellee.

Opinion by Judge Mencer, April 16, 1971:

In January of 1970, Norristown Borough Council
adopted a budget for the 1970 calendar year. On May
19, 1970, the said council enacted a tax ordinance pur-
suant to the provisions of the Act of December 31, 1965,
P. L. 1257, 53 P.S. §§6901-6924. This Act is known as
"The Local Tax Enabling Act" and provided, in part:
"Section 23. Repeals—The Act of June 25, 1947 (P. L.

1145) entitled, as amended . . . is repealed." This tax ordinance of May 19, 1970 imposed a one percent (1%) earned income tax upon all residents of, and all nonresidents employed in, the Borough of Norristown.

Certain nonresidents affected by the ordinance filed an appeal with the Court of Common Pleas of Montgomery County, challenging its validity. That court held a hearing, sustained the appeal and, by order dated November 4, 1970, declared the tax ordinance invalid and of no effect. The Borough of Norristown has appealed from the November 4, 1970 order, and its appeal must be sustained, and the order of the lower court declaring the ordinance in question invalid and of no effect must, therefore, be reversed.

In the lower court's opinion in support of its order, that court stated that from the testimony offered it was not convinced that those challenging the ordinance had overcome the strong presumption that, in exercising municipal powers, the municipal governing body had not abused its discretion but had acted with reason and good faith. See *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958). Nevertheless, the lower court concluded that the ordinance was invalid. The one and only reason for reaching this conclusion was the belief that *Rose Township v. Hollobaugh,* 179 Pa. Superior Ct. 284, 116 A. 2d 323 (1955) dictated such a conclusion.

In *Rose Township* it was held that the supervisors of a second class township did not have authority to levy a tax under the Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851 *et seq.,* for general purposes or for highway purposes, subsequent to the adoption of their budget in which the receipts from the tax were not contemplated; also, that the Act of June 25, 1947, as amended, was not intended to change the provisions relating to budgets.

The lower court's complete reliance on *Rose Township* overlooks the following two considerations. First: That case arose under The Second Class Township Code of May 1, 1933, P. L. 103, as amended and reenacted by the Act of July 10, 1947, P. L. 1481, and further amended in 1949, and dealt mainly with the budget requirements of Section 902, as then reported at 53 P.S. §19093-902. Here we are considering the provisions of The Borough Code of 1966, Act of February 1, 1966, P. L. (1965) No. 581, 53 P.S. §45101 *et seq.* The *Rose Township* case is not controlling authority for interpreting The Borough Code of 1966. Second: The tax ordinance in this case was enacted under "The Local Tax Enabling Act", *supra,* which specifically repealed the Act of June 25, 1947, P. L. 1145, as amended, which repealed act was interpreted by the Superior Court in the *Rose Township* case. We are not unmindful that *Wilkes-Barre Appeal,* 208 Pa. Superior Ct. 424, 222 A. 2d 499 (1966), held that The Local Tax Enabling Act of 1965 constituted a substantial reenactment of the Act of June 25, 1947, P. L. 1145, as amended, so that the later statute should be construed to have continued the earlier statute in active operation without any lapse in its authority. However, there were certain new provisions which were contained in the later act, the important one for purpose of this appeal being Section 5 of the 1965 Act. Section 5 extensively enlarged and significantly changed its corresponding section, being Section 6, of the earlier statute.

We are in complete agreement with what Judge HOFFMAN noted in *Wilkes-Barre Appeal, supra,* at page 442 of that opinion: *"Second, it is clear from the Acts of 1947 and 1965 that budgetary provisions do not bear at all on a wage tax ordinance.* Section 5 of the 1965 Act (Sections 2 and 6 of the amended 1947 Act) pro-

vides: 'Any tax imposed under this act shall not be subject to any limitations under existing laws as to rate or amount or as to the necessity of securing court approval or as to budgetary requirements. Any city, borough or township imposing a tax under this act may revise its budget during any fiscal year by increasing or making additional appropriations from funds to be provided from such tax.

" 'The ordinance or resolution may be passed or adopted prior to the beginning of the fiscal year and prior to the preparation of the budget when desirable.' " (Emphasis supplied)

The language of Section 5 clearly states that "any tax imposed under this act shall not be subject to any limitations under existing law . . . as to budgetary requirements." We find this language controlling and rely on it as the basis for our decision today.[1] This provision of Section 5, which became effective in January 1, 1966, was not before the Superior Court at the time it decided *Rose Township v. Hollobaugh, supra,* in 1955.

The lower court reasoned that, since Sections 1310 and 1311 of The Borough Code, 53 P.S. §46310 and 53 P.S. §46311, had both been amended by Acts of October 5, 1967, P. L.    , No. 145, §1, and October 9, 1967, P. L.    , No. 181, §1, subsequent to the effective date of "The Local Tax Enabling Act," *supra,* these amendments in effect repealed Section 5 of that Act and restored the holding of *Rose Township* as controlling authority on the question before us. We can find no such legislative intent in these amendments. These sections were *only* amended to provide that copies of the budget, together with the tax ordinance, shall be filed with the

---

[1] Statutes are presumed to employ words in their popular sense. Words and phrases are to be given their common interpretation. See Act of May 28, 1937, P. L. 1019, art. III, §33, 46 P.S. §533.

*Department of Community Affairs* rather than with the *Department of Internal Affairs*. These sections deal with the adopting and amending of the budget and the amendments made not a single change in these procedures but, as we have noted, only changed the governmental department with which copies of the budget should be filed.

However, in concluding that the tax ordinance was invalid because it was passed after the adoption of the Borough's budget for the year 1970, the lower court disregarded the following language in Section 5, 53 P.S. §6905: "Any . . . borough . . . imposing a tax under this act may revise its budget during any fiscal year by increasing or making additional appropriations from funds to be provided from such tax."

Section 5, 53 P.S. §6905, also provides that: "Every ordinance or resolution which imposed a tax under the authority of this act shall be passed or adopted, *if for a school district,* during the period other school taxes are required by law to be levied and assessed by such district." (Emphasis supplied) This provision shows conclusively that the intention of the Legislature was that political subdivisions, except school districts, may impose taxes under the statute at any time.

We hold, therefore, that tax ordinance No. 2033 of the Borough of Norristown, enacted May 19, 1970, imposing a tax on earned income, was properly enacted in accordance with law and is valid to the extent that it conforms to The Local Tax Enabling Act of 1965.

Order reversed.