406 A.2d 1120

## HAHNEMANN MEDICAL COLLEGE AND HOSPITAL OF PHILADELPHIA

v.

### Charles HUBBARD, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1978.

Decided June 29, 1979.

---

438

Richard P. Weishaupt, Philadelphia, for appellant.

Jeffrey M. Freedman, Philadelphia, did not file a brief for appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from an order striking preliminary objections to the lower court's jurisdiction.

The action was brought by appellee Hahnemann Medical College & Hospital of Pennsylvania to collect fees for medical services rendered to appellant, who is a resident of the State of Delaware. The complaint was served on appellant on August 19, 1977, pursuant to Rule 2077, Pa.R.Civ.P., which provides for service on non-residents "engaged in business in the Commonwealth."

On September 2, 1977, appellant's Philadelphia counsel wrote to appellee's counsel to request a ten-day extension in which to plead to the complaint, stating, "[R]ather than answer before I speak to my client, I would prefer a brief extension." Appellee's counsel did not at once reply to this letter, and both the twenty-day period prescribed by Rule 1026 and the requested ten-day extension expired without

appellant filing any pleading.[1] On September 20 appellee's counsel did not reply to appellant's counsel's letter and granted an extension until September 30, limiting the extension, however, to the filing of an answer, and not any other responsive pleading. Ignoring this letter, appellant's counsel on September 26 filed preliminary objections to the court's jurisdiction over his client.

In accordance with Rule 1027(1), Pa.R.Civ.P., appellant's counsel served the preliminary objections on appellee's counsel by certified mail at the address given by appellee's counsel on the back of the complaint. This was the only address appellee's counsel had supplied; in fact, however, he had moved his offices, without leaving an adequate forwarding address. On September 29, and again on October 4, the postal service sent notices to appellee's counsel to claim the letter; appellee's counsel finally received the preliminary objections on October 20. On November 1, he filed a motion to strike appellant's preliminary objections[2] on the ground that they were in violation of an agreement between counsel.

The lower court granted appellee's motion to strike, finding that appellant's counsel had agreed to limit himself to an answer in return for an extension of time in which to plead.

The first question presented is whether the record discloses an agreement between counsel regarding an extension of time. We agree with appellant that in answering this question, we should apply contract principles.

 It is settled that for an agreement to exist, there must be a "meeting of the minds," *Northwestern Consolidated Mining Co. v. Campbell & Campbell*, 78 Pa.Super. 96

---

1. Under Rule 1026, appellant was required to file a responsive pleading by Sept. 8, 1977. It is unclear whether counsel wanted 10 days from the date of his letter, or 10 days beyond Sept. 8. However, this ambiguity does not affect the resolution of this appeal.

2. The docket entries indicate that the motion was filed on Dec. 1, 1977. The motion itself, however, is stamped by the prothonotary as having been filed on Nov. 1, 1977, and appellant's counsel has indicated in his brief that he accepts this date as accurate.

(1921); the very essence of an agreement is that the parties mutually assent to the same thing, *Alcorn Combustion Co. v. M. W. Kellog Co.*, 311 Pa. 270, 166 A. 862 (1933). Without such assent there can be no enforcible agreement. *Rissmiller v. Evangelical Lutheran Congregation*, 268 Pa. 41, 110 A. 740 (1920). The principle that a contract is not binding unless there is an offer and an acceptance is to ensure that there will be mutual assent. *See Farren v. McNulty*, 277 Pa. 279, 121 A. 501 (1923).

■ Here, in asking for an extension of time, appellant's counsel made what was in effect an offer. Appellee's counsel at first did not reply to this offer at all; when he did reply, he did not accept the offer as made, but accepted it contingent upon appellant's submission to a condition that materially altered the offer—that appellant's responsive pleading be limited to an answer. A "reply to an offer purporting to accept it, which adds qualifications or requires performance of conditions is not an acceptance but it is a counter-offer." Restatement of Contracts, 60 (1932), cited as representing Pennsylvania Law in *Hedden v. Lupinsky*, 405 Pa. 609, 612, 176 A.2d 406, 408 (1962); *accord, Eastern Electric Sales Co., Inc. v. Provident Tradesmen Bank & Trust Co.*, 400 Pa. 429, 162 A.2d 215 (1960). Appellant's counsel never explicitly accepted this counter-offer, and acceptance of it will not be implied from his failure to speak. *Solis-Cohen v. Phoenix Mutual Life Insurance Co.*, 413 Pa. 633, 198 A.2d 554 (1964); *Howell v. McCloskey*, 375 Pa. 100, 99 A.2d 610 (1953).

Thus, in sum, two offers were made, and neither was accepted. Counsel therefore had no agreement concerning an extension. The question next presented, therefore, is, What is the effect of this conclusion?

■ Absent any agreement concerning an extension, appellee's counsel was under no obligation to grant an extension. When appellant failed to plead to the complaint, appellee's proper course under the rules was to take a default judgment. *See* 2 Goodrich-Amram 2d 1026:1, 230 (1976). Appellee's failure to take judgment preserved appel-

lant's opportunity to file preliminary objections. *Herre v. Davies*, 51 Westmoreland L.J. 91 (1969), is a case like this one. There, counsel were in dispute over the terms of an agreement regarding an extension of time in which to plead to a complaint, and preliminary objections were filed after the twenty-day period prescribed by Rule 1026 had expired. The court nevertheless heard the objections on their merits, because the plaintiff had taken no action in the case during the interim.

■ When a party, such as appellant here, files untimely preliminary objections, the opposing party may object to them as untimely. In other words, the failure to take a default judgment does not preclude a party from objecting to untimely preliminary objections. However, the procedure prescribed by the rules must be followed. Here, appellee's counsel did not follow that procedure. Appellee's motion to strike appellant's preliminary objections was itself untimely, having not been filed until November 1, 1977, which was after the twenty-day period prescribed by Rule 1026 as the period within which any pleading subsequent to the complaint must be filed; an objection to preliminary objections as untimely is properly characterized as a "preliminary objection to preliminary objections," and is a pleading, 2 Goodrich-Amram 2d 1017(b):5, 43–44 (1976). Concededly, appellee's counsel did not actually receive the preliminary objections until October 20, 1977. This was not in any way the fault of appellant's counsel, however, as service was made in accordance with Rule 1027, and receipt was delayed only because appellee's counsel failed to provide an adequate forwarding address when he moved his offices.

■ In fairness, counsel for both parties should be held to the same standard. While appellant's preliminary objections were untimely, it was the responsibility of appellee's counsel to file his own timely preliminary objection to the preliminary objections. 2 Goodrich-Amram 2d 1026:1, 229 (1976). Appellee's counsel's failure to do so constituted a waiver of the untimeliness of appellant's preliminary objections.

The order of the lower court is vacated, appellant's preliminary objections are reinstated, and the case is remanded to

the lower court for disposition of the preliminary objections on their merits.

PRICE, J. files a dissenting statement.

PRICE, Judge, dissenting:

Appellant's attorney wrote "Rather than answer before I have spoken to my client, I would prefer a brief extension." Appellee's attorney agreed to an extension limited to the filing of an answer. If one looks at the situation in this light, stripped of the confusing dates and passage of various time periods, this is the exact sequence of the written communications. To me, it is a classic situation of offer and acceptance within the majority's framework of the law.

The letters were not the work of laymen, but rather of attorneys presumably skilled in the art and use of words. In this case, the word *answer* has a definite, absolute legal meaning. I cannot subscribe to the majority's conclusion that the letters contain an offer and counter-offer. In legal language these communications are clearly an agreement binding upon the parties, and that agreement was breached by the filing of preliminary objections.

I would affirm the order dismissing the appellant's preliminary objections.