Home Oldsmobile Company, Inc., et al., Appellants *v.* The Township of Pine, a political subdivision of the Commonwealth of Pennsylvania, Appellee.

The Township of Pine, Appellant *v.* Home Oldsmobile Company, Inc. et al., Appellee.

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

· *John R. Luke, Luke & Anthony,* for appellants, Home Oldsmobile Company, Inc. et al.

*Henry W. Ewalt,* with him *W. Timothy Barry, Brooks & Ewalt,* for appellee, the Township of Pine.

OPINION BY JUDGE WILLIAMS, JR., March 24, 1982:

This case arose when four licensed automobile dealers (dealers), doing business in Pine Township, Allegheny County, filed a joint suit for a declaratory judgment in the Court of Common Pleas of Allegheny County.[1] In that action, the dealers sought to have that court declare invalid, or to declare them exempt from, two tax ordinances enacted by Pine Township

---

[1] The four dealers are Home Oldsmobile Company, Inc.; Billco Motors, Inc.; Wright Pontiac, Inc.; and McKay Cadillac, Inc. Each dealer's principal place of business is in Pine Township. Their

by authority of The Local Tax Enabling Act (Enabling Act).[2] When the Court of Common Pleas entered a final order adverse to their action, the dealers appealed to our Court.

The dealers' appeal (No. 3004 C.D. 1980) is the first of two separate appeals arising from the same tax controversy; and we consolidated the cases for argument and disposition. The second appeal (No. 3035 C.D. 1980) is by Pine Township itself, the defendant in the action below. The Township questions the lower court's assumption of jurisdiction to even consider the merits of the dealers' suit. The Township also seeks a reversal of the lower court's denial of counsel fees.

By two ordinances, both dated April 4, 1979, Pine Township enacted a Mercantile License Tax and a Business Privilege Tax. The taxes became effective as of July 1, 1979. On October 1, 1979, the dealers filed their complaint for a declaratory judgment, challenging the legality of the tax ordinances. The dealers' action also asserted that they are exempt from such taxes as a matter of law.

The dealers' first attack on the validity of the tax ordinances was that the ordinances were enacted during the course of the Township's 1979 fiscal year and after the budget for that year had been adopted.[3] That fact, the dealers asserted, put the ordinances in violation of Sections 902 and 902.2 of The Second Class Township Code.[4] The dealers' complaint also averred

action was brought under the provisions of the "new" Declaratory Judgments Act, 42 Pa. C. S. §§7531 et seq.

[2] Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §§6901 et seq.

[3] Pine Township's fiscal year is identical to the calendar year.

[4] Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §§65902, 65902.2. Section 902.2 was added by Section 5 of the Act of December 14, 1967, P.L. 816.

that the ordinances were not enacted or advertised as
required by the Enabling Act; that the taxes imposed
are unreasonable, excessive and unneeded; and that
the revenues to be derived from the taxes would exceed
limitations imposed by law. The complaint further
contended that, even if the ordinances were otherwise
valid, the dealers are exempt from the taxes because
of certain business license fees they have to pay the
Commonwealth.[5]

In response to the dealers' complaint for declara-
tory relief, the Township filed preliminary objections
which raised, *inter alia*, a question of subject matter
jurisdiction. In that regard, the Township asserted
that the appeal procedure set forth in Section 6 of the
Enabling Act provides the exclusive means of con-
testing the validity of the tax ordinances;[6] and that the
dealers' failure to pursue that statutory remedy de-
prived the lower court of jurisdiction to entertain their
tax challenges made by means of a declaratory judg-
ment action.

The Township's preliminary objections also as-
serted the bar of a non-waivable statute of limitations:
that the expiration of the 30-day appeal period pre-

───────

[5] The license fees referred to are those required by Section 5 of
the Motor Vehicle Manufacturer's Dealer's and Salesmen's License
Act, Act of December 21, 1973, P.L. 415, 63 P.S. §806 (Supp. 1980-81).

[6] 53 P.S. §6906. This Section provides in pertinent part as fol-
lows:

No tax levied for the first time by any political sub-
division to which this act applies shall go into effect until
thirty days from the time of the adoption of the ordinance
or resolution levying the tax. Within said thirty days, tax-
payers representing twenty-five percent or more of the total
valuation of real estate in the political subdivision as as-
sessed for taxation purposes, or taxpayers of the political
subdivision not less than twenty-five in number aggrieved
by the ordinance of resolution *shall have the right to appeal
therefrom to the court of quarter sessions of the county*. . . .
(Emphasis added.)

scribed by Section 6 of the Enabling Act terminated the dealers' right to challenge the validity of the tax ordinances. As an additional matter, the preliminary objections raised the defense of laches.

On February 13, 1980, the lower court ruled on the Township's preliminary objections. As to those counts in the dealers' complaint challenging the *validity* of the tax ordinances, the court ruled that the dealers' failure to sue within the 30-day period prescribed by Section 6 of the Enabling Act debarred the dealers from contesting the *validity of the taxes*. On that ground, the court ordered the validity counts "stricken." As for the dealers' *claim of exemption,* the lower court granted the plaintiffs leave to file a more specific complaint within 20 days.

On February 26, 1980, the dealers petitioned the lower court for leave to amend their *entire* original complaint, and to include therein constitutional challenges to the tax ordinances. Prior to any ruling by the court on that petition, the dealers, on March 4, 1980, proceeded to file an amended complaint. The amended complaint simply repeated the original validity challenges, which had been ordered stricken, and added to them two less-than-specific constitutional assertions. In response, the Township moved to strike the amended complaint; and also moved for a judgment on the pleadings.

On June 11, 1980, the lower court entered an order denying the dealers leave to amend the validity counts of the original complaint. The court's order of June 11th also denied the Township's motion for judgment. Moreover, the court vacated its order of February 13, 1980, and reinstated the dealers' *entire original complaint.* That is, the lower court decided to hear the entire matter, on the merits, according to the case pleaded in the dealers' original complaint. Thus, the case was put in the same posture it would have been in had

the lower court initially overruled the Township's original preliminary objections. The order reinstating the dealers' complaint gave the Township 7 days in which to file an answer to the complaint.

The Township filed a timely answer that included new matter. The new matter incorporated, as affirmative defenses, assertions that had been made in the Township's original preliminary objections: that the lower court lacked subject matter jurisdiction because the dealers had not pursued the statutorily exclusive remedy; that a statute of limitations barred the action; and that the dealers were guilty of laches. The Township also used its new matter to request $10,000 in counsel fees.

On June 26, 1980, the case was tried on the merits before the lower court sitting without a jury. On July 1, 1980, the court entered an order decreeing the tax ordinances valid and denying all relief to the dealers. That order did not mention the Township's prayer for counsel fees. Both sides of the controversy filed exceptions: the dealers contesting the court's decision as to the validity of the taxes; and the Township objecting to the court's failure to award counsel fees.

By an opinion dated July 25, 1980, the lower court set forth the reasons for its July 1st order. That opinion not only reasoned that the dealers' validity challenges lacked substantive merit; the opinion also concluded that the validity challenges were barred by a statute of limitations: the 30-day appeal period prescribed in Section 6 of the Enabling Act.

The court's opinion of July 25th additionally held that the license fees paid by the dealers, to the state, were regulatory in nature and thus provided no basis for a tax exemption. As for the Township's claim for counsel fees, the court stated that no such fees were warranted because the dealers' action was not frivolous.

On October 27, 1980, a court en banc overruled the parties' exceptions; and the appeals to this Court followed.

We are constrained to say that the procedural progress of this case in the lower court was not as orderly as might be desired. Yet, out of that procedural tangle came a decree declaring the tax ordinances valid; meaning that the ordinances were *not invalid* for the reasons advanced by the dealers. It must be noted that, in their appeal to this Court, the dealers have abandoned their contention that the taxes are "excessive or unreasonable" in a legal sense. Instead, the dealers have continued with only two validity challenges: (1) that the tax ordinances violated the budgetary restrictions in The Second Class Township Code and (2) that the tax ordinances were not advertised in conformity with the Enabling Act. The dealers have also abandoned their exemption claim.

It is our conclusion that the issues preserved by the dealers for our review afford no basis for appellate relief from the lower court's decree.

The dealers' reliance on the budgetary limitations contained in Sections 902 and 902.2 of The Second Class Township Code is meritless, because of Section 5 of the Enabling Act.[7] Section 5 of the Enabling Act provides in pertinent part as follows:

Any tax imposed under this act *shall not be subject to any limitations under existing laws* as to rate or amount or as to the necessity of securing court approval or *as to budgetary requirements.* Any city, borough or township imposing a tax under this act *may revise its budget during any fiscal year by increasing or making additional appropriations from funds to be provided from such tax.*

---

[7] 53 P.S. §6905.

The ordinance or resolution may be passed or adopted prior to the beginning of the fiscal year and prior to the preparation of the budget *when desirable*. (Emphasis added.)

Sections 902 and 902.2 of The Second Class Township Code govern the preparation and revision of proposed budgets. Neither provision expresses any relationship between those requirements and a township's power to enact a tax ordinance pursuant to the Enabling Act. However, in *Borough of Norristown v. Erdek*, 1 Pa. Commonwealth Ct. 577, 275 A.2d 911 (1971), we considered the similar budgetary provisions of The Borough Code[8] and their relation to Section 5 of the Enabling Act. In *Erdek* we held that, although the budgetary provisions of The Borough Code were enacted subsequent to the Enabling Act, those budgetary provisions did not restrict the municipality's power, conferred by Section 5 of the Enabling Act, to pass a tax ordinance at any time, even after the adoption of a budget. In so holding, this Court, per Judge MENCER, stated that Section 5 of the Enabling Act "shows conclusively that the intention of the Legislature was that political subdivisions, except school districts, may impose taxes under the statute at any time."

In our view, the reasoning of *Erdek* applies to the case at bar.[9] Accordingly, we hold that it was within the legal power of Pine Township to enact its tax ordinances during the course of its 1979 fiscal year and

---

[8] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§45101 *et seq.*

[9] That is, although the *Erdek* case was concerned with the relationship between the budgetary provisions of The Borough Code and Section 5 of the Enabling Act, the reasoning of the case should also apply where the budgetary provisions of The Second Class Township Code are concerned.

after the Township had adopted its budget for that year.

We come next to the dealers' assertion that the Township's intention to adopt the tax ordinances was not advertised in conformity with the requirements of Section 4 of the Enabling Act.[10] This Section requires that, prior to the passage of a tax ordinance, the political subdivision must first give notice of its intention to adopt the tax. The notice must be advertised for three successive weeks in a local newspaper of general circulation. The advertised notice also must contain certain information, such as the nature of the tax, the necessity for the tax, and the estimated revenue to be derived from the tax.

Although the parties stipulated that the Township's "consideration" of passing the tax ordinances was advertised for the requisite period in an appropriate publication, the dealers argue that the content of the advertisement was not statutorily adequate. However, our present ability to determine the merits of that argument is impeded by the failure of the dealers to include, in the reproduced record submitted to this Court, anything even approaching a copy of the advertisement in question. The instant record does not permit us to ascertain whether or not the advertisement complied with Section 4. Nor are we aided in this regard by the lower court's opinion, which contains no useful treatment of the advertisement issue. Nevertheless, the target of our appellate review in this case is the lower court's decree; not the reasons or non-reasons in the lower court's opinion. *E.g., Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955); *Rissmiller v. Evangelical Lutheran Congregation*, 268 Pa. 41, 110 A. 740 (1920).

The decree before this Court is one declaring the tax ordinances valid. That decree was, at the least,

---

[10] 53 P.S. §6904.

tantamount to a decision that none of the dealers' validity challenges had merit; including the contention that the intent to adopt the ordinances was defectively advertised. It is well settled in our system of appellate review that a lower court's decree or judgment carries with it a presumption of regularity and correctness. In other words, it is the appellant's burden to demonstrate to an appellate court that an error was committed. *See Baughman's Estate,* 281 Pa. 23, 126 A. 58 (1924). Since, in the case at bar, the dealers have not made the complained-of advertisements a part of the record before this Court, we cannot say that those advertisements afford any basis for reversing the lower court's decree.

The dealers also urge us to remand this case, asserting that the lower court improperly denied them leave to amend their complaint to include constitutional challenges to the validity of the ordinances. It is our conclusion that the dealers did not effectively preserve the amendment issue for appellate review. It is to be recalled that the lower court's original order, of February 13, 1980, dismissed the dealers' validity challenges as being untimely. On February 26, 1980, the dealers petitioned for leave to amend or supplement their complaint with some undefined constitutional challenges. On the day following that petition, the dealers also filed exceptions to the original order, contending that they had a right to amend *as of course.*

When, on June 11, 1980, the lower court vacated its original order, the court also expressly denied the dealers' petition to amend.

Following the trial on the merits, the lower court rendered a decree nisi, dated July 1, 1980, upholding the tax ordinances against the challenges laid in the dealers' original complaint. The dealers did file exceptions to that decree; but those exceptions made no

objection or reference whatsoever to the court's denial of the amendment petition. Not having raised the amendment issue in their exceptions to the decree of July 1, 1980, the dealers must be deemed to have waived that issue. *See Turnway Corp. v. Soffer,* 461 Pa. 447, 336 A.2d 871 (1975).

We turn now to the points raised in the Township's cross appeal. As already indicated, the Township urges us to hold that the dealers' failure to pursue the appeal procedure set forth in the Enabling Act negated the lower court's subject matter jurisdiction, insofar as the validity challenges were concerned. This argument is utterly devoid of merit; for it ignores the clear mandate of another statutory provision. Section 7541 of the "new" Declaratory Judgments Act[11] expressly provides that the availability of a special statutory remedy does not preclude declaratory relief.

As for the Township's claim for counsel fees, it is our view that no such award is warranted under the circumstances of this litigation, either below or in this Court. The claim for counsel fees was made under Section 2503 of the Judicial Code,[12] which allows such fees as a sanction against a litigant who has engaged in "dilatory, obdurate or vexatious conduct" during the pendency of a matter; or as a sanction against a litigant who was "arbitrary, vexatious or in bad faith" in commencing a matter. The Township's pleadings advance but one basis to support the claim for counsel fees: an allegation that the dealers did not pursue the remedy provided by Section 6 of the Enabling Act. That allegation, *without more,* does not support a claim for counsel fees under Section 2503 of the Judicial Code; especially since the legislature has mandated that the existence of a special statutory remedy

---

[11] 42 Pa. C. S. §7541.

[12] 42 Pa. C. S. §2503.

does not preclude an action for relief under the Declaratory Judgments Act.

It is desirable for a municipality to know as promptly as possible whether or not its tax is invalid. *See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 187, 346 A.2d 269, 278 (1975). The lower court in the instant case, probably being mindful of that consideration, entered a decree going to the substantive merits of the dealers' challenges; even though the court's opinion expressed the additional view that the declaratory action was barred by a statute of limitations. It is our conclusion that the decree appealed from is legally correct. Therefore, we see no need, in the instant matter at least, to consider whether the appeal period prescribed by Section 6 of the Enabling Act is a non-waivable statute of limitations that also governs the time for bringing an action under the Declaratory Judgments Act. Nor is there any need for us to consider the Township's defense of laches.

The order of the lower court is affirmed.

### ORDER

AND NOW, the 24th day of March, 1982, the order of the Court of Common Pleas of Allegheny County, entered October 27, 1980, at No. GD79-26234, is affirmed.

Judge PALLADINO did not participate in the decision in this case.