**Spotts, Stevens & McCoy, Inc. v. Rothman**

*Daniel E. P. Bausher,* for plaintiff.
*Emil L. Iannelli,* for defendant.

SCHAEFFER, *P.J.,* November 1, 1984—On August 25, 1980, plaintiff filed its complaint in assumpsit in this proceeding containing a notice to plead in conformity with Pa.R.C.P. 1018.1(b). The complaint was served upon defendant on September 4, 1980. On October 10, 1980, Gerald P. Sigal, Esq., entered his appearance for defendant, but filed no responsive pleading.

On July 25, 1983, Daniel E. P. Bausher, Esq., attorney for plaintiff, notified Mr. Sigal that he would appear before the court on August 2, 1983 at 9:30 a.m., at that time would file a certificate of readiness for arbitration and request the court to order the case for trial before arbitrators. Mr. Bausher appeared before the court at the time specified but neither Mr. Sigal nor anyone else appeared for defendant. As a consequence, the certificate of readiness was filed without objection and the case ordered for trial before arbitrators.

On September 9, 1983, the prothonotary served the certificate of readiness for arbitration, a record of the appointment of arbitrators, and notice of the date of the arbitration hearing, i.e., November 1, 1983 at 9:30 a.m., upon Gerald P. Sigal, Esq., attorney for defendant, mailing a copy of the same by First Class Mail to Mr. Sigal's office address, 601 Penn Street, Reading, Pa.

On October 28, 1983, Mr. Bausher for plaintiff and Mr. Sigal for defendant, stipulated that the arbitration hearing should be continued and rescheduled, and the stipulation was approved by an order of this court entered on the same date.

On January 3, 1984, defendant obtained a rule to show cause why she should not be allowed to file an answer, new matter and a counterclaim nunc pro tunc and to strike the case at bar from the arbitration list. Plaintiff filed an answer to defendant's rule and the issues raised thereby are now before this court for argument.

While we do not approve defendant's sloth and neglect in failing to plead to plaintiff's complaint for almost three years, nevertheless, we find we cannot force defendant to trial at this time on the present state of the record.

Defendant in an assumpsit action* has the right to file his answer on the merits at any time, no matter how long delayed, provided the plaintiff has not theretofore entered a judgment by default. Planter's Peanuts v. Neptune Jet Corp., 56 Luz. Leg. Reg. Rep. 40 (C.P. of Luzerne County, Pa., 1965); Goodrich-Amram 2d, §1026.1 (1976). When a defendant fails to plead to a complaint, plaintiff's proper course under the rules is for plaintiff to take a default judgment. Hahnemann Medical College and Hospital of Philadelphia v. Hubbard, 267 Pa. Super. 436, 406 A.2d 1120 (1979).

Pa. R.C.P. 237.1, effective February 1, 1980, in subsection (a), requires a 10 day notice prior to the entry of a default judgment and specifies in

---

* All material facts before us took place prior to July 1, 1984 when assumpsit was a distinct and separate form of action. Therefore, we resolve the procedural issues presented under the assumpsit rules then in effect.

subsection (c) the form of that notice. The prescribed notice itself advises the defaulting party that he is in default and that if no action is taken "within 10 days," a default judgment may, be entered against him without a hearing. Rule 237.1 thus suggests that timely action after default can avoid the entry of a default judgment and is consistent with the conclusions reached in Planter's Peanuts, supra. and Hahnemann, supra.

Following this reasoning, we hold that on August 2, 1983 defendant still had a right to file a responsive pleading and the pleadings were not closed. Therefore, the case was not at issue and not ready for trial. It should not have been ordered for arbitration.

Accordingly, we enter the following

ORDER

And now, this November 1, 1984, after argument, it is ordered that:

(1) defendant's motion to strike this case from the arbitration list is granted;

(2) the case is struck from the arbitration list; and

(3) defendant is granted leave to file an answer, which may include new matter and counterclaim, within 30 days after the service of this order upon her; and it is further ordered that in the event defendant should not file an answer within said 30 day period, plaintiff may proceed under Pa. R.C.P. 237.1 to give notice of its intention to file a praecipe for the entry of a default judgment.

Nothing in this order shall be construed to limit plaintiff's right to reply to any new matter, or answer any counterclaim, which defendant may file or to raise any affirmative defense to defendant's coun-

terclaim which plaintiff may have, including the defense of the statute of limitations.