## Parmar v. Alside, Inc.

*James A. Naddeo,* for plaintiffs.
*Thomas F. Morgan,* for defendant.

CHERRY, *Specially Presiding,* November 14, 1984—This action was brought by plaintiffs to recover for allegedly defective windows supplied by defendant. The complaint was filed on February 6, 1984, with service being made on February 10, 1984. The next pleading, however, was not filed until April 19, 1984, when defendant filed a preliminary objection in the nature of a motion for more specific pleadings. On May 4, 1984, plaintiffs filed a motion to dismiss defendant's preliminary objection as not timely filed. This matter is presently before the court for rulings on the preliminary objection and/or the motion to dismiss.

The Pennsylvania Rules of Civil Procedure provide in Rule 1026:

"Every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." The comment to Pa.R.C.P. 1026, cited by defendant in his brief on this matter, makes it clear that preliminary objections are within the scope of Rule 1026

and thus, must be filed within 20 days of the preceding pleading. In this case, the complaint did contain a notice to defend. The first responsive pleading, however, was filed by defendant on April 19, 1984, the 69th day after service of the complaint.

According to Pa.R.C.P. 201, extension agreements, or any other agreements of attorneys relating to the business of the court, must be in writing unless noted on the record in hearings in open court. While there is some evidence, offered by plaintiffs, that an extension was granted to defendant within which to file an answer, plaintiffs' counsel, by letter dated February 27, 1984, made it clear he was not willing to grant an extension of time for the filing of preliminary objections. Further, by letter dated March 27, 1984, plaintiffs' counsel informed defendant's counsel that he would grant a final 10-day extension within which to answer and then would proceed with default. In any event, either there was an extension granted by plaintiffs' counsel for the filing of an answer only, per the letters presented by plaintiffs; or there was no extension at all as no meeting of the minds existed between counsel, as is required for an extension agreement to exist. Hahnemann Med. College & Hosp. v. Hubbard, 267 Pa. Super. 436, 439, 406 A.2d 1120, 1122 (1979). As such, defendant's preliminary objection was clearly not timely filed.

When defendant failed to plead to the complaint, plaintiffs' proper course under the rules was to take a default judgment. Hahnemann, 267 Pa. Super. at 440, 406 A.2d at 1122; and see 2 Goodrich-Amram 2d 1026:1, 230 (1976). Accordingly, plaintiff gave notice of intention to file a default judgment, as required in Pa.R.C.P. 237.1, on April 10, 1984. Only then, did the defense counsel file his preliminary objection, which he did within the 10-day grace pe-

riod between the giving of the notice and the filing of a praecipe for entry of judgment by default.

A preliminary objection is a responsive pleading. O'Barto v. Glossers Stores, Inc., 228 Pa. Super. 201, 206, 324 A.2d 474, 476 (1974); Monaco v. Montgomery Cab Company, 417 Pa. 135, 139 n.1, 140, 208 A.2d 252, 254 n.1, 255 (1965). Although the filing of a responsive pleading may be late, if it is filed before the filing of a praecipe for judgment, it will nevertheless bar a default judgment. See Vision Service v. Pa. AFSCME Health and Welfare Fund, 331 Pa. Super. 217, 1984, 474 A.2d 339, 341 (1984), and cases cited therein. However, that is not to say that the untimely filing is to be totally forgotten. When a party, such as defendant here, files untimely preliminary objections, the opposing party may object to them as untimely. Pa.R.C.P. 237.1 was enacted to prevent the entry of "snap judgments" without notice and thus reduce the number of petitions to open default judgments being filed throughout the Commonwealth. See comment to Rule 237.1. The rule was not enacted to afford defendants a greater period in which to file preliminary objections or in any other way to subvert the 20-day period of Pa.R.C.P. 1026. The fact that notice of intention to take a default judgment was given does not preclude plaintiffs from objecting to untimely preliminary objections. Plaintiffs' motion to dismiss defendant's preliminary objection was filed on May 4, 1984, within 20 days of the filing of defendant's preliminary objection. While an objection to preliminary objections is more properly characterized as a "preliminary objection to preliminary objections," Hahnemann, 267 Pa. Super. at 441, 406 A.2d at 1122; 2 Goodrich-Amram 2d 1017(b):5, 43-44 (1976), the motion here was timely filed and will be considered.

Because preliminary objections are responsive pleadings, the objection is deemed waived if not filed within 20 days of the preceding pleading or within the period of any extension granted. Monaco, 417 Pa. at 139 n.1, 208 A.2d at 254 n.1; Hohlstein v. Hohlstein, 223 Pa. Super. 348, 353, 296 A.2d 886, 888 (1972); O'Barto, 228 Pa. Super. at 206, 324 A.2d at 476; Pa.R.C.P. 1026, 1032. While the court may, on cause shown or in the interest of justice, extend the filing period or allow late pleadings, Pa.R.C.P. 1003; Fisher v. Hill, 368 Pa. 53, 56, 81 A.2d 860, 863 (1951), defendant has offered no just reason to excuse the considerable delay in the filing of his preliminary objection. As such, defendant has waived any right to object to the specificity of plaintiffs' complaint and the court will grant plaintiffs' motion to dismiss defendant's preliminary objection. Where preliminary objections are overruled or dismissed, for whatever reason, the objecting party has a period of 20 days, or such period as the court may direct, within which to file a responsive pleading. This right to plead over when preliminary objections are dismissed is absolute. International Lands, Inc. v. Fineman, 285 Pa. Super. 548, 550, 428 A.2d 181, 182 (1981).

Accordingly, the court enters the following

## ORDER

Now, this November 14, 1984, upon full consideration of the above, it is the order of this court that plaintiffs' motion to dismiss defendant's preliminary objection is granted and defendant's preliminary objection is hereby dismissed, with leave to defendant to file an answer to plaintiffs' complaint within 20 days from the date of filing the within order and opinion.