Joseph Yannuzzi, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Horse Racing Commission, Respondent.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Julius E. Fioravanti,* for petitioner.

*Larrick B. Stapleton,* General Counsel, for respondent.

OPINION BY JUDGE MENCER, August 23, 1978:

This rather unusual case involves a dispute over an unwanted and allegedly lame horse named Free Puff. Free Puff's owner, Sundance Stables, entered the horse in a "claiming race" on October 28, 1976. The entry of a horse in a claiming race is, in effect, an offer to sell the horse for its "entered prize." *See* Rule of Racing 12.01. The "offer" is accepted by making a "claim," *i.e.,* by completing a claim form and depositing it in the appropriate box 15 minutes prior to the start of the race. Only registered owners of race horses or their licensed agents are authorized to make claims. *Id.* Title to the claimed horse vests in the claimant when the gates open and the claiming race starts. Rule of Racing 12.15.

Prior to the start of the claiming race in which Free Puff was scheduled to run, Joseph Yannuzzi, the appellant herein, deposited a claim form for Free Puff

on which he purported to be a licensed agent for a registered owner. The race was run as scheduled, although the record does not reveal how Free Puff finished. At the conclusion of the race, Sundance Stables delivered the horse to Yannuzzi. Approximately two days later, Yannuzzi informed the stewards that at the time he made the claim he was not a registered owner or a licensed agent and that his claim was therefore in violation of Rule of Racing 12.01.[1] On November 10, 1976, a Board of Stewards fined Yannuzzi $150 for violation of the rules of racing, declared the sale void, and ordered Free Puff returned to Sundance Stables.

The next day, Sundance Stables appealed this order to the Pennsylvania State Horse Racing Commission (Commission). Testimony was taken by the Commission, in which Yannuzzi admitted that he was not a registered owner or a licensed agent. Sundance Stables produced testimony indicating that Free Puff had become lame while in Yannuzzi's custody. This was denied by Yannuzzi, however. On February 27, 1977, the Commission entered an order reversing the stewards as to the ownership of Free Puff and adjudging the horse to be the property of Yannuzzi. Yannuzzi then appealed to this Court.[2]

Rule of Racing 12.10 provides that a claim is "void" if the information on the claim form is not "completely accurate." Yannuzzi contends that, since his representation that he was a licensed agent was false, his claim is "void" under Rule 12.10 and he should therefore be able to avoid his obligations regarding Free Puff. The Commission, however, inter-

---

[1] Yannuzzi contends that at the time he made the claim he was not aware that he was not properly licensed.

[2] The Commission sustained the imposition of the $150 fine, and Yannuzzi is not here contesting this portion of the Commission's order.

preted the word "void" to mean that a claim is "voidable . . . at the instance of the prior owner, as an innocent and injured party to the transaction."

It is true that there is an important technical distinction between "void" and "voidable": The term "void" is properly applied to those contracts that are of no effect whatsoever, whereas a "voidable" contract can be cured by the act or confirmation of one of the parties. Black's Law Dictionary 1745 (rev'd 4th ed. 1968). The word "void" is not always used with technical precision. "['Void'] is an indefinite expression that has no fixed meaning, and what is only voidable is often called void." *Larkin v. Saffarans,* 15 F. 147, 152 (W.D. Tenn. 1883). There are innumerable cases in which the word "void" when used in statutes, ordinances, and in a variety of other contexts has been interpreted to mean "voidable." *See, e.g., Jones v. Zoning Board of Adjustment,* 423 Pa. 416, 224 A.2d 205 (1966); *New Mexico ex rel. New Mexico Tax Commission v. Garcia,* 77 N.M. 703, 427 P. 2d 230 (1967); *United States ex rel. Pan-Caribe Construction Co. v. Peco International, S.A.,* 243 F.Supp. 250 (D. Canal Zone 1965). *See also* cases collected at 44 Words & Phrases 525, 532-49 (Perm. ed. 1962).

Did the Commission here err in interpreting the word "void" in Rule 12.10 to mean "voidable"? We think not. To hold otherwise would allow Yannuzzi to take advantage of his own misrepresentation to avoid his contractual obligations.[3] In addition, such an interpretation would allow other claimants, dissatisfied with the performance or physical condition of the claimed horse, to rescind the sale at some indefinite

---

[3] The Commission and Yannuzzi have treated this matter as though Yannuzzi had made the claim on his own behalf, and we have done the same. We are not here concerned with Yannuzzi's rights vis-a-vis the principal for whom Yannuzzi was purporting to act.

time in the future by revealing an inaccuracy in the claim form known only to them. Although the Commission here made no finding on the contention that Free Puff became lame while in Yannuzzi's custody, Yannuzzi's interpretation of Rule 12.10 would require Sundance Stables to accept the return of the horse, even if the contention were true. We do not believe that the rule can be reasonably construed to require such a result.

### ORDER

AND Now, this 23rd day of August, 1978, the order of the Pennsylvania State Horse Racing Commission, dated February 27, 1977, is hereby affirmed.