449 A.2d 621

**COMMONWEALTH of Pennsylvania**

**v.**

**William VanBUSKIRK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Aug. 6, 1982.

Paul C. Hensel, Bethlehem, for appellant.

Donald Corriere, District Attorney, Bethlehem, submitted a brief on behalf of the Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

■ The instant appeal is from an adjudication of delinquency by the Juvenile Division of the Court of Common Pleas of Northampton County. For the reasons that follow, we quash the appeal.[1]

This court has jurisdiction over "all appeals from *final orders* of the courts of common pleas." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (effective June 27, 1978) (emphasis added). "In determining what constitutes a final order we ... look to 'a practical rather than technical construction' of an order." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (citation omitted). "A final order is one which ... ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974)." *Pugar v. Greco*, 483 Pa. at 73, 394 A.2d at 544–45. On the other hand, "an order is interlocutory and not final unless it effectively puts the litigant 'out of court.'" *Giannini v. Foy*, 279 Pa. Superior Ct. at 556, 421 A.2d at 339 (citations omitted).

Instantly, appellant has appealed from the order, finding and adjudication of delinquency entered on March 6, 1980. The adjudicatory order is as follows:

1. Neither party has challenged the jurisdiction of this court to resolve the questions raised in this appeal. It is axiomatic, however, that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy*, 279 Pa. Superior Ct. 553, 556, 421 A.2d 338, 339 (1980). Accordingly, we address the issue of the appealability of the adjudication of delinquency *sua sponte. MacKanick v. Rubin*, 244 Pa. Superior Ct. 467, 473, 368 A.2d 815, 818 (1976).

## ADJUDICATION

AND NOW, this 6th day of March, 1980, a full hearing in the case at bar having been concluded on March 4, 1980, we enter the following:

## FINDING

The evidence introduced by the Commonwealth and the alleged delinquent is sufficient to prove beyond a reasonable doubt that William Van Buskirk's conduct amounted to "a gross deviation from the standard of care that a reasonable person would observe in his situation." Accordingly, we make a finding of delinquency based on homicide by vehicle. See *Commonwealth of Pennsylvania v. Theresa Barone*, Superior Court of Pennsylvania, January 25, 1980, as yet unreported.[2]

## ADJUDICATION OF DELINQUENCY

Further, we find that William Van Buskirk is in need of treatment, supervision and rehabilitation and enter an adjudication of delinquency. *Disposition is postponed until completion of a social investigation. Pending disposition, he may remain in the custody of his parents.* Adjudication, March 6, 1980 (emphasis added).

■ The Juvenile Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 630 *et seq.*, effective June 27, 1978, contemplates a two step process: First, an alleged delinquent must be found to be either delinquent or not delinquent; and second, if an adjudication of delinquency is entered, a disposition must follow.[3] In the case *sub judice*,

---

2. *Commonwealth v. Barone*, 276 Pa. Superior Ct. 282, 419 A.2d 457 (1980).

3. The Juvenile Act contains the following provisions governing the adjudicatory stage of a delinquency proceeding:

(a) General rule.—After hearing the evidence on the petition the court shall make and file its findings as to whether the child is a dependent child, or if the petition alleges that the child is delinquent, whether the acts ascribed to the child were committed by him. If the court finds that the child is not a dependent child or

this process was not followed, and appellant's appeal was taken from the adjudicatory order, prior to any disposition. "Until the [dispositional] hearing had been held and a final

that the allegations of delinquency have not been established it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding.

(b) Finding of delinquency.—*If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and it shall then proceed immediately or at a postponed hearing,* which shall occur not later than 20 days after adjudication if the child is in detention, *to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation and to make and file its findings thereon.* In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation. If the court finds that the child is not in need of treatment, supervision or rehabilitation it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.

. . . .

(d) Evidence on issue of disposition.—In disposition hearings under subsections (b) and (c) all evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making the reports. Sources of information given in confidence need not be disclosed.

(e) Continued hearings.—On its motion or that of a party the court may continue the hearings under this section for a reasonable period to receive reports and other evidence bearing on the disposition or the need for treatment, supervision or rehabilitation. In this event the court shall make an appropriate order for detention of the child or his release from detention subject to supervision of the court during the period of the continuance. In scheduling investigations and hearings the court shall give priority to proceedings in which a child is in detention or has otherwise been removed from his home before an order of disposition has been made.

42 Pa.C.S.A. § 6341 (emphasis added).

The alternatives for disposition of a delinquent child are set forth at 42 Pa.C.S.A. § 6352:

(a) General rule.—If the child is found to be a delinquent child the court may make any of the following orders of disposition best suited to his treatment, supervision, rehabilitation, and welfare:

(1) Any order authorized by section 6351 (relating to disposition of dependent child).

(2) Placing the child on probation under supervision of the probation officer of the court or the court of another state as provided

152

disposition made, the litigation was not ended, and [the appropriate form of treatment, supervision and rehabilitation] had not been determined. [The] finding of [delinquency], therefore, was interlocutory. *In the Interest of C. A. M.*, 264 Pa. Superior Ct. 300, 303, 399 A.2d 786, 787 (1979). *See, e.g., In the Interest of K. B.*, 276 Pa. Superior Ct. 380,

in section 6363 (relating to ordering foreign supervision), under conditions and limitations the court prescribes.

(3) Committing the child to an institution, youth development center, camp, or other facility for delinquent children operated under the direction or supervision of the court or other public authority and approved by the Department of Public Welfare.

(4) If the child is 12 years of age or older, committing the child to an institution operated by the Department of Public Welfare.

(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.

(6) An order of the terms of probation may include an appropriate fine considering the nature of the act committed or restitution not in excess of actual damages caused by the child which shall be paid from the earnings of the child received through participation in a constructive program of service or education acceptable to the victim and the court whereby, during the course of such service, the child shall be paid not less than .the minimum wage of this Commonwealth. In ordering such service, the court shall take into consideration the age, physical and mental capacity of the child and the service shall be designed to impress upon the child a sense of responsibility for the injuries caused to the person or property of another. The order of the court .shall be limited in duration consistent with the limitations in section 6353 (relating to limitation on and change in place of commitment) and in the act of May 13, 1915 (P.L. 286, No. 177), known as the "Child Labor Law." [] The court order shall specify the nature of the work, the number of hours to be spent performing the assigned tasks, and shall further specify that as part of a plan of treatment and rehabilitation that up to 75% of the earnings of the child be used for restitution in order to provide positive reinforcement for the work performed. In selecting from the alternatives set forth in this section, the court shall follow the general principle that the disposition imposed should provide the means through which the provisions of this chapter are executed and enforced consistent with section 6301(b) (relating to purposes) and when confinement that is consistent with the protection of the public and the rehabilitation needs of the child.

(b) Limitation on place of commitment.—A child shall not be committed or transferred to a penal institution or other facility used primarily for the execution of sentences of adults convicted of a crime.

*Id.* (footnote omitted).

384 n.1, 419 A.2d 508, 510 n.1 (1980). *See also In the Interest of McDonough,* 287 Pa. Superior Ct. 326, 333–34, 430 A.2d 308, 312–13 (1981). Since the appeal thereof is not rendered appealable by statute or rule, the appeal is not properly before us.

Accordingly, the appeal from the order of the court of common pleas is quashed as interlocutory.