487 A.2d 919

**The ESTATE OF Blanche B. LEVY, by George Beeke LEVY, Executor, and George Beeke Levy, Individually, and Fabio Del-Casteletto, Appellants,**

**v.**

**CNA INSURANCE COMPANY, a Corporation, t/d/b/a Valley Forge Insurance Company, a Corporation, and GAB Business Services, Inc., a Corporation.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1984.

Filed Jan. 18, 1985.

192

Max A. Levine, Pittsburgh, for appellants.

Richard W. DiBella, Pittsburgh, for appellees.

Before BROSKY, WATKINS and HESTER, JJ.

HESTER, Judge:

On December 30, 1981, appellants filed a Complaint in Assumpsit/Trespass against appellees in the Court of Common Pleas of Allegheny County, Pennsylvania. Appellants are George B. Levy, proceeding individually and as executor of the Estate of Blanche B. Levy, deceased, and Fabio Del Casteletto. Appellees are CNA Insurance Company and GAB Business Services, Inc.

According to appellants, CNA issued a homeowner's insurance policy to Blanche B. Levy for real estate situate at 6411 Bartlett Street, Pittsburgh, Pennsylvania. GAB was CNA's authorized agent. On December 18, 1980, the residence and its contents were severely damaged by fire. Ms. Levy died in the fire. CNA paid approximately $250,000.00 prior to this action in building and content loss.

This action concerns the following claims: 1) the Estate of Blanche B. Levy for damage to jewelry and furs valued at $35,800.00 and for theft of jewelry and furs valued at $1,000.00; 2) George B. Levy and Fabio Del Castelletto, who claim to have been residents of the dwelling, for loss of use of the premises; and 3) all three claimants for punitive damages.

Appellants granted appellees an extension to February 19, 1982 to file an answer. On that extended date, appellees filed preliminary objections in lieu of an answer. These preliminary objections were granted in part thereby compelling appellants to file an amended complaint on April 5, 1982.

Once again, appellees acquired appellants' consent to extend the time to respond. The extended date was May 7, 1982, the date on which appellees filed a second set of preliminary objections. These preliminary objections were

denied by order of court dated June 1, 1982, and appellees were given 20 days to file an answer.

On June 23, 1982, after the 20-day response period had elapsed, appellees filed a request for production of documents and notice of service of interrogatories. No answer was filed. On that same date, appellants filed a praecipe for entry of judgment by default in the amount of $76,986.00. Judgment was entered in that amount due to appellees' failure to file an answer to appellants' amended complaint.

On June 28, 1982, appellees filed a motion to strike the judgment and a petition for rule to show cause why the judgment should not be opened. In their motion to strike, appellees complained that appellants neglected to give notice of their intent to file a praecipe for entry of judgment by default, a violation of Pa.R.C.P. No. 237.1. In their petition to open the judgment, appellees averred that appellants' praecipe for default judgment violated a spirit of cooperation which the parties had reached earlier in the proceedings. In addition, appellees alleged that their counsel had court appointments in Allegheny County, Elk County and Washington, D.C., along with a one-week jury trial in Mercer County during June, 1982, all of which prevented a timely answer.

On June 28, 1982, appellees' motion to strike was denied; however, a rule was directed on that date to appellants to show cause why said judgment should not be opened. By order dated November 23, 1982, judgment was opened due to appellants' failure to give notice of intent to file a praecipe for entry of default judgment.[1] This appeal was perfected from that order.

Following this Court's disapproval of the entry of "snap judgments" in *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979) and *Silverman v. Polis,*

---

1. We are aware that this basis for opening the default judgment was not alleged in appellee's petition to open. Appellant does not argue that the petition was granted on grounds other than those alleged; therefore, we will not hold the lower court in error on that basis.

230 Pa.Super. 366, 326 A.2d 452 (1974), Pa.R.C.P. No. 237.1 was promulgated and became effective on February 1, 1980. Prior to the entry of a judgment by default, Rule 237.1 requires a 10-day written notice of intention to file the praecipe for entry of default judgment.[2] Notice shall not be given until the time for filing an answer has elapsed. With the notice affording the defendant an additional 10 days to respond, default judgment cannot be entered until 30 days passes from the filing of the complaint.

Appellants do not deny their failure to give written notice of their praecipe; nevertheless, they argue that two agreements for the extension of time and the order of court dated June 1, 1982 dismissed the notice requirement. Rule 237.1 provides several exceptions to the notice requirement, two of which are as follows:

1) If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule.

2) This rule does not apply to ... a judgment entered pursuant to an order of court or rule to show cause.

Appellants would have us hold that their consent to give appellees additional time to file answers to the original and amended complaints were written agreements which rendered the notice unnecessary. It is true that following oral

2. Rule 237.1. Notice of Praecipe for Entry of Default Judgment. (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe. (b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

consent given by appellants, letters dated January 19, 1982 and May 3, 1982 from appellees' counsel were written confirmations of extensions to plead to the complaint and amended complaint.

■ However, the dispute here did not arise from appellees' failure to file answers to the original complaint and to the amended complaint within 20 days of the filing of the amended complaint. It was not until appellees' preliminary objections to the amended complaint were denied by order dated June 1, 1982, and 20 days had elapsed from that date, that appellees were in default. Appellants did not consent to an extension to file an answer beyond June 21, 1982; therefore, there was no exception to the notice of intent to file a praecipe. The two earlier agreements to extend the time for filing pleadings do not apply to the 20-day response period which commenced on June 1, 1982.

■ Nor do we agree that the order of June 1, 1982, which denied preliminary objections and instructed appellees to file an answer within 20 days, provided an exception to the notice requirement. The notice requirement does not apply where judgment was entered by order of court. Pa.R.C.P. 237.1(b). Illustrations provided in the comments to Rule 237.1 include an order for judgment as sanctions for non-compliance with discovery rules. The illustrations indicate that Rule 237.1(b) provides an exception where judgment is entered by the court, not upon praecipe to the prothonotary as was done in the case sub judice. The order of June 1, 1982 did not enter judgment. It follows, therefore, that appellants' failure to give notice of intent to file a praecipe was not excused since no exceptions under Rule 237.1 were available.

Next, appellants argue that the order opening the default judgment "contradicted" the earlier order denying the motion to strike. Apparently, appellants' use of "contradicted" is the equivalent of arguing that by the doctrine of res adjudicata the denial of the motion to strike precluded argument and ruling on the petition to open.

The motion to strike included one ground for the striking of judgment; namely, appellants' failure to give notice of intent to file the praecipe. It is also true that the motion to strike was denied while the later order of November 23, 1982 granted the petition to open due to failure to give notice.

■ We cannot presume, however, that the motion to strike was denied on June 28, 1982 due to a finding that appellants did indeed give notice. That order was not appealed; therefore, we are without the benefit of a lower court opinion explaining the denial of the motion to strike. Also, no record of the argument is before us, and the order itself is not definitive concerning grounds for denial. It is possible that the lower court denied the motion to strike due to its belief that all issues could be addressed during presentation of the petition to open. Due to that possibility, we are constrained not to give the denial of the motion to strike res adjudicata effect. Moreover, it must be noted that appellants do not deny their failure to give notice; therefore, it is inconceivable that the lower court denied the motion to strike following a finding that notice was given.

■ Furthermore, the denial of a motion to strike is generally not a bar to a subsequent petition to open, as both generally concern separate issues. Judgments are *striken* only for irregularity on the record. Once regularly entered, they can be *opened* only upon equitable principles. *Johnson v. Moore Motors, Inc.*, 285 Pa.Super. 237, 427 A.2d 200 (1981); *Advance Bldg. Services Co. v. F & M Schaefer Brewing Co.*, 252 Pa.Super. 579, 384 A.2d 931 (1978).

■ Finally, appellants argue that the default judgment was improperly opened due to appellees' failure to demonstrate both an excuse for not filing an answer and a meritorious defense to the complaint in assumpsit/trespass. A petition to open activates the equitable powers of the court and will be granted only upon proof of the following factors: (1) the petition was promptly filed; (2) a meritorious defense to the cause of action can be shown; and (3) the

failure to file an answer can be excused. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Quaker Transit Co. v. Jack W. Blumenfeld & Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1980).

Appellants concede that the petition to open was promptly filed; it was filed five days following the entry of judgment by default.

■ Several meritorious defenses exist. First, appellees alleged that George Levy and Fabio Del Castelletto were not residents of the house at the time of the fire. If that were true, they could not recover for loss of use under the policy. Also, they alleged that Mr. Del Castelletto was not a relative of the decedent which would make his interests uninsurable. Finally, an investigation allegedly disclosed that the jewelry and furs, for which claims were filed, were not in the residence when the fire occurred.

■ We also agree that the default was excusable. Had appellants given notice of intent to file a praecipe for entry of judgments by default, 10 additional days would have been afforded appellees to file an answer. *See Pa.R.C.P.* 237.1(c). Without notice, appellees were not given a final opportunity to avoid default.

For the foregoing reasons, we affirm.

Order affirmed.