516 A.2d 1273

**COMMONWEALTH of Pennsylvania**

v.

**Donald HOLDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 25, 1986.

Filed Oct. 29, 1986.

Richard A. Peterson, Greenville, for appellant.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Com., appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal comes before us on submission from the judgment of sentence imposed after a jury conviction on the

charges of resisting arrest, aggravated assault, simple assault and disorderly conduct. Based upon our reasoning below, we quash the appeal.

After denial of his post-verdict motions, appellant was sentenced [1] on January 2, 1986, to a period of incarceration on the charge of aggravated assault of no less than eighteen months nor more than four years, plus payment of costs, and on the charge of disorderly conduct to a term of incarceration of not less than forty-five nor more than ninety days running concurrently with the sentence for aggravated assault, in addition to payment of costs.

On January 7, 1986, appellant filed a timely Motion to Modify his sentence. The trial court, by order dated the same day, set a hearing on appellant's Motion to Modify for January 29, 1986. Appellant also filed a notice of appeal to this Court on the same day.

On January 29, 1986, the date set for hearing on appellant's Motion to Modify, and within the thirty-day limitation period for action on sentence modification when a timely appeal from the original judgment of sentence is taken as prescribed by Pa.R.App.P. 1701(b), the trial court granted the Motion and rendered an amended judgment of sentence on the aggravated assault conviction, reducing appellant's term of incarceration to a period of not less than six months nor more than two years. The sentence originally imposed on the disorderly conduct offense remained the same in the amended judgment, and appellant received a credit of twenty-eight days.

No new or amended notice of appeal was filed from the amended judgment of sentence of January 29, 1986.

We recently reaffirmed the common law rule that, absent statutory authority providing otherwise, a trial court is without jurisdiction to act in a matter after the record has been removed on appeal. *Commonwealth v. Burkett,* 352

---

1. The trial court correctly observed at sentencing and in its opinion that the simple assault charge merged with that of aggravated assault. *See Commonwealth v. Channell,* 335 Pa.Super. 438, 484 A.2d 783 (1984).

Pa.Super. 350, 507 A.2d 1266 (1986).[2] Pennsylvania Rule of Appellate Procedure 1701(a) similarly curtails the power of the trial court to act after an appeal has been taken. However, subsection (b) thereof contains exceptions to this limitation. Relevant portions of the exception controlling in this case read as follows:

> (b) Authority of a trial court or agency after appeal. After an appeal is taken.... the trial court.... may:

> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

>> (i) an application for reconsideration of the order is filed in the trial court ... within the time provided or prescribed by law; and

>> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal ... with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

> *A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal ... theretofore or thereafter filed or docketed with respect to the prior order.... Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal ... begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to reaffirmation of the prior determination of the trial court....*

(Emphasis added).

To ascertain the purpose of the Supreme Court's adoption of Rule 1701 and, in particular, subsection (b)(3), we turn

---

**2.** In this regard, *see* the Judicial Code of Pennsylvania, 42 Pa.C.S.A. §§ 101 *et. seq.* Section 5505 thereof provides:

> § 5505. Modification of orders

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

for guidance to the explanation provided by its Advisory Committee on Appellate Court Rules:

Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court ... to grant reconsideration if action is taken during the applicable appeal period, which is not intended to include the appeal period for cross appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a "snap" appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit the trial court .... may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period. If the trial court ... fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review,[3] Subdivision (a) becomes applicable and the power of the trial court ... to act on the application for reconsideration is lost.

. . . . .

Particularly helpful to our determination to quash the appeal before us is the Comment to Pa.R.Crim.P. 1410[4] prepared by the Criminal Procedural Rules Committee as to the effect of the timely filing of a Motion to Modify upon an also timely perfected Notice of Appeal, in light of the provisions of Pa.R.App. 1701(b)(3).

. . . . .

**3.** Pa.R.App.P. 903(a).

**4.** Rule 1410. Motion to Modify Sentence.

A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence.

Under this rule, the mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty day period for filing a timely notice of appeal, [sic] and the need for the defendant to file his appeal (both as to the merits of the case or as to the sentence) within that period. However, *if the court vacates the prior judgment of sentence, either in connection with granting the motion for modification* or in order to have additional time within which to consider the motion, *such action would have the same effect as an express order granting reconsideration under Pa.R.A.P. 1701. Accordingly, the vacation of sentence within the thirty day period for appeal will render any notice of appeal* (either as to the merits of the case or the sentence) *inoperative, and time for filing the notice of appeal will begin to run anew from the date of the decision on the motion,* even if the decision ultimately amounts to a reimposition of the prior sentence.

(Emphasis supplied).

The Comment further explains the procedure to be followed by the trial court when a timely Motion to Modify has been filed and emphasizes the necessity for prompt action within the thirty-day appeal period.

.     .     .     .     .

Under present practice, the sentencing court is likely to have only thirty days from the imposition of sentence within which to act to modify the sentence. See Pa.R. A.P. 1701 . . . . . Therefore, upon the filing of a timely motion for modification of sentence, the court should take one of the following types of action *within the thirty day appeal period:* (1) issue an order denying the motion, (2) schedule a hearing on the motion, (3) *issue an order granting the motion, and vacating the earlier judgment of sentence,* or (4) if the court would like additional time to consider the motion, issue an order vacating the

judgment of sentence. The failure of the sentencing court to act within the thirty day appeal period will normally result in the loss of the court's jurisdiction to modify sentence, and will have the same effect as a denial of the motion. See Pa.R.A.P. 1701.

. . .

(Emphasis supplied).

The decisional law of this Commonwealth is in accord. *Commonwealth v. Gordon,* 329 Pa.Super. 42, 477 A.2d 1342 (1984); *Commonwealth v. Leonard,* 308 Pa.Super. 292, 454 A.2d 136 (1982); *Commonwealth v. Lynch,* 304 Pa.Super. 248, 450 A.2d 664 (1982); *Commonwealth v. Corson,* 298 Pa.Super. 51, 444 A.2d 170 (1982); *Commonwealth v. Canady,* 297 Pa.Super. 292, 443 A.2d 843 (1982).[5]

Pennsylvania Rule of Appellate Procedure 1701(b) tolls the appeal period upon the grant of a Motion to reconsider or modify the judgment or order from which an appeal is taken, thereby rendering that appeal of no effect. We are not unmindful that Pa.R.Crim.P. 1410 imposes the additional requirement of vacating the original sentence within thirty days of its rendition in order to trigger the operation

5. We cannot, we think, emphasize too strongly the necessity for timely action by the trial court in cases where a Motion to Modify and a Notice of Appeal are both filed within their respectively prescribed times. We cite these authorities to point out that because of the failure to dispose of the Motions to Modify, whether by grant, e.g., *Commonwealth v. Gordon, supra; Commonwealth v. Canady, supra,* or by denial, *Commonwealth v. Lynch, supra,* within the thirty-day period provided by Pa.R.App.P. 1701(b)(3), the trial courts there lacked jurisdiction to take *any* action beyond that period. Even vacation of the original sentence or the setting of a hearing on the Motion outside the thirty-day period was proscribed. *Commonwealth v. Leonard, supra.* The effect of any subsequently filed Notice of Appeal was consequently negated. The earlier timely notices of appeal from the original judgments of sentence were still operative. The impact of those cases was that appellants there were confined to presenting for review issues only relative to the propriety of their *original* sentences, in addition, of course, to matters bearing upon the validity of their underlying convictions.

Thus, had the trial courts in the cases we cite acted in a timely fashion, the original notices of appeal would have been without effect, as is the situation in the instant appeal.

of Pa.R.App.P. 1701(b). *Commonwealth v. Gordon, supra.* However, given the time frame within which the entire post-sentencing proceeding occurred, we find that the instant case fell well within the prescription of the Rules.

We note, moreover, that while it may have been the better practice for the trial court, in its order of January 7, 1986, setting a hearing date on appellant's Motion to Modify, to have inserted language expressly vacating the original judgment of sentence, a trial court does have the power, nonetheless, to vacate a sentence within thirty days of original judgment upon consideration of a timely filed Motion to reconsider or modify. *Commonwealth v. Gordon, supra;* Pa.R.App.P. 1701(b)(3); *see* Advisory Committee Comment to Pa.R.Crim.P. 1410, *supra* at p. 1275.

We hold, therefore, that the action of the trial court in granting appellant's Motion to Modify on January 29, 1986, constituted a vacation of the original judgment of sentence of January 2, 1986, and rendered the Notice of Appeal filed January 7, 1986, a nullity, *Commonwealth v. Wall,* 321 Pa.Super. 152, 467 A.2d 1174 (1983) (grant of appellant's motion by modifying original sentence constitutes vacation of original judgment of sentence and renders notice of appeal from original judgment inoperable) especially when, in the ensuing result, appellant received a reduction in his sentence on the aggravated assault charge. *See also,* Comment to Pa.R.Crim.P. 1410, *supra* at p. 1275.

Appeal quashed.[6]

---

**6.** At this time, we are not inclined to grant appellant leave to file a notice of appeal *nunc pro tunc,* especially since the trial court granted modification, and the amended judgment reflects a reduced sentence on the charge of aggravated assault. To do otherwise would encourage parties coming before us to flaunt our rules which were designed to insure orderly and efficient administration of justice at the appellate level. We note, moreover, that appellant is not without recourse. He may pursue this remedy under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* on the basis that his counsel was ineffective in failing to file a Notice of Appeal from the amended judgment of sentence of January 29, 1986. However, because this matter is not now before us, we do not speculate on appellant's chances of success in that regard.