527 A.2d 550

John MARZULLO, Jr.

v.

STOP–N–GO FOOD STORES OF PITTSBURGH, INC., a Pennsylvania Corporation, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed April 13, 1987.

Reargument Denied June 24, 1987.

Petition for Allowance of Appeal Denied Dec. 1, 1987.

Samuel P. Gerace, Pittsburgh, for appellant.

Barry M. Simpson, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which denied relief to appellant-defendant, Stop–N–Go Food Stores of Pittsburgh, Inc., after the filing of a petition to strike and/or open a default judgment. We affirm.

Appellant raises the following issues: (1) whether the default judgment was entered improperly because appellee-

plaintiff, John Marzullo, Jr., failed to file a notice of intent to take a default judgment; (2) whether appellant is entitled to reopen the judgment because it acted promptly and had a reasonable excuse and a complete defense to the appellee's claim; and (3) whether the default judgment was entered improperly for $14,575.27 because the appellee's claim was unliquidated.

■ We have reviewed appellant's contention and conclude that appellant is not entitled to relief. The third issue has been waived because appellant failed to present this theory at the trial level. Pa.R.A.P. 302(a). The other two issues must also be rejected.

On June 11, 1985, appellee filed a summons in civil action against his employer, Stop-N-Go Food Stores. On July 1, 1985, appellant filed a rule upon the appellee to file a complaint, and a complaint was filed five weeks later. On August 22, 1985, preliminary objections were filed on the basis that appellee failed to state a cause of action upon which relief could be granted. Appellee contended that his employer unilaterally changed the compensation program without additional consideration and breached the appellee's management contract.

These objections were granted in part and denied in part, and appellee was directed to file a more definite complaint. On October 16th, appellee filed an amended complaint. On November 15th, appellant filed a second set of preliminary objections to the amended complaint; these were dismissed without prejudice on December 6, 1985.

On January 13, 1986, appellant filed a motion for reconsideration, which was denied on January 24th. On February 18th a default judgment was entered. Appellant's petitions to strike and/or open judgment were denied, and this appeal followed.

■ Although appellant concedes the fact that an answer was not filed timely, appellant contends that appellee was

required to file a notice of intent to enter a default judgment pursuant to Pa.R.C.P. 237.1. We do not agree.

Pa.R.C.P. 237.1(a) states:

**Rule 237.1. Notice of Praecipe for Entry of Default Judgment**

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

(b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

We have said that "[w]hether to strike a default judgment in an assumpsit action is left to the trial court, whose decision will not be disturbed absent a manifest abuse of discretion or an error of law. *Paules v. Sminkey,* 290 Pa.Super.Ct. 223, 227, 434 A.2d 724, 726 (1981)." *Giallorenzo v. American Druggists Insurance Company,* 301 Pa.Super. 294, 297, 447 A.2d 974, 975 (1982). We also recognize that "[j]udgments are *stricken* only for irregularity on the record. Once regularly entered, they can be *opened* only upon equitable principles." *Estate of Blanche B. Levy By Levy v. CNA Insurance Company,* 338 Pa.Super. 191, 198, 487 A.2d 919, 923 (1985). (Emphasis in original) (Citations omitted).

Thus, our concern is whether the record as filed by appellee "at entry is adequate to sustain the judgment, or is defective in some way." *Parliament Industries, Inc. v.*

*William H. Vaughan & Co., Inc.,* 501 Pa. 1, 8, 459 A.2d 720, 724 (1983) (citations omitted). In this case, because the record is not defective, we affirm the action of the trial court.

Our review of the record reveals that the parties executed a written agreement to file "an Answer or otherwise plead" by February 3, 1986. In a letter dated January 7, 1986, appellant's counsel forwarded a letter to appellee's counsel which confirmed the existence of a written agreement requiring appellant to respond to appellee's amended complaint. This letter stated the following:

"This will confirm an extension of time of thirty (30) days from January 3, 1986 for Defendant *to file an Answer or otherwise plead to Plaintiff's Complaint....*" Record at No. 22, Exhibit C. (Emphasis added).

Appellant did not file an answer to the complaint; however, within the thirty day period appellant filed a "MOTION FOR RECONSIDERATION" on January 13, 1986, to the trial court's order which denied appellant's preliminary objections for the second time.

On January 24, 1986, the same date that the motion for reconsideration was denied, appellee's counsel drafted a letter which consisted of the following language:

January 24, 1986

Nicholas A. Pasciullo, Esquire

Jones, Gregg, Creehan and Gerace

16th Floor, Grant Building

Pittsburgh, PA 15219–2294

Re: Marzullo v. Stop-n-Go

Dear Mr. Pasciullo:

I was present before Judge Narick on January 24, 1986, at 9:30 at the date, time and place you designated in your letter of January 17, 1986. When, at 10 a.m., all other Motions had been presented, Judge Narick inquired as to the reason for my presence in the courtroom. I explained the situation and the Judge signed the Order attached to

my Answer denying your Motion for Reconsideration and ordering $200.00 counsel fees.

A conformed copy of the Order of Court is enclosed herein. Pursuant to that Order, kindly forward to me a check payable to Brennan, Robins & Daley in the amount of $200.00 on or before February 3, 1986.

As you did ultimately schedule the argument on your Motion for Reconsideration, I will live with my extension of time of thirty days granted on January 3 1986, thereby expecting your answer to be filed on or before February 3, 1986.

Sincerely yours,
BARRY M. SIMPSON

BMS/ti
Enclosure
Record at # 20, Exhibit "A".

The letter which was dated January 17, 1986 consisted of the following:

January 17, 1986

Barry M. Simpson, Esquire
Brennan, Robins & Daley
Nineteenth Floor
Commonwealth Building
Pittsburgh, PA 15222

Re: Marzullo v. Stop-N-Go

Dear Mr. Simpson:

This is to notify you that defendant's Motion for Reconsideration will be brought before Judge Narick at 9:30 a.m. on Friday, January 24, 1986.

In addition, you will note that in my request for an extension of time, I advised you that I would Answer or *otherwise plead* to plaintiff's Complaint. Defendant's Motion for Reconsideration is a pleading other than an Answer to plaintiff's Complaint.

It is apparent I must remind you and the Court of defendant's courtesy in extending time for plaintiff to file his Complaint.

Very truly yours,

Nicholas A. Pasciullo

NAP/jd

Record at # 22, Exhibit "D"

■ When examining whether the filing of a motion for reconsideration could be the equivalent of the filing of a pleading, we are guided by Pa.R.C.P. 131 which states:

**Rule 131.   Rules in Pari Materia**

Rules or parts of rules are in pari materia when they relate to the same proceedings or class of proceedings. Rules in pari materia shall be construed together, if possible, as one rule or one chapter of rules.

We also must refer to another rule, Pa.R.C.P. 1017, which states:

**Rule 1017.   Pleadings Allowed**

(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, and preliminary objections and an answer thereto.

Thus, because the rules of civil procedure must be considered *in pari materia,* the filing of a motion for reconsideration is not equivalent to the filing of a pleading. Accordingly, when appellant filed a motion for reconsideration, appellant was still required to file an answer or "otherwise plead" by the extension date.

According to appellant, the case of *Estate of Levy By Levy v. CNA Insurance Company,* supra, is controlling and requires appellant to file a Rule 237.1 notice before entering a default judgment. However, this case is distinguishable.

In *Levy,* appellants-plaintiffs filed a complaint in assumpsit/trespass against an insurance company and its authorized agent for the loss of certain items which were severely damaged by a fire. Appellants initially granted appellees an extension to file an answer to February 19, 1982. Instead of filing an answer, appellees filed preliminary objec-

tions. These objections were granted in part, and, as a result, appellants filed an amended complaint on April 5, 1982.

Another extension to file an answer was given, and this time appellees filed a second set of preliminary objections. These objections were denied on June 1, 1982 and appellees were given twenty days to file an answer. Instead of filing an answer, appellees filed a request for production of documents and notice of service of interrogatories after the twenty day period lapsed, which was on June 23, 1982. Appellants filed a praecipe for judgment on June 23, 1982. Judgment was entered due to appellants' failure to file an answer. In *Levy*, we said:

Appellants do not deny their failure to give written notice of their praecipe; nevertheless, they argue that two agreements for the extension of time and the order of court dated June 1, 1982 dismissed the notice requirement. Rule 237.1 provides several exceptions to the notice requirement, two of which are as follows:

1) If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule.

2) This rule does not apply to ... a judgment entered pursuant to an order of court or rule to show cause.

Appellants would have us hold that their consent to give appellees additional time to file answers to the original and amended complaints were written agreements which rendered the notice unnecessary. It is true that following oral consent given by appellants, letters dated January 19, 1982 and May 3, 1982 from appellees' counsel were written confirmations of extensions to plead to the complaint and amended complaint.

However, the dispute here did not arise from appellees' failure to file answers to the original complaint and to the amended complaint within 20 days of the filing of the amended complaint. It was not until appellees' prelimi-

nary objections to the amended complaint were denied by order dated June 1, 1982, and 20 days had elapsed from that date, that appellees were in default. Appellants did not consent to an extension to file an answer beyond June 21, 1982; therefore, there was no exception to the notice of intent to file a praecipe. The two earlier agreements to extend the time for filing pleadings do not apply to the 20–day response period which commenced on June 1, 1982.

*Id.*, 338 Pa.Superior Ct. at 196, 487 A.2d at 922.

In this case, we are not presented with a scenario where preliminary objections had been filed and the parties were awaiting the trial court's disposition on the merits. If such were the case, the rules are clear. A party is entitled to an additional twenty days in which to respond according to the following:

**Rule 1028. Preliminary Objections**

(a) Preliminary objections shall state specifically the grounds relied upon.

(b) All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading.

(c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

(d) *If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix.*

(e) If the filing of an amendment, an amended pleading or a new pleading is allowed or required, it shall be filed within twenty (20) days after notice of the order or within such other time as the court shall fix. (Emphasis Added).

Instead, we have before us a procedural history which establishes that preliminary objections had been denied on December 6, 1985. Although appellant had an additional

twenty days in which to "plead over", the parties had agreed to extend the time until February 3, 1986. Id. When an answer was not filed, appellee waited an additional fifteen (15) days before entering a default judgment.

Thus, appellant was not waiting for the court to rule on its preliminary objections; rather, appellant was asking the court to *reconsider* its ruling. Under these circumstances, *Levy* is distinguishable and is inapposite to the facts of the case. Additionally, our research has revealed no support for the filing of a petition for reconsideration to preliminary objections either under the Allegheny County Local Rules or under the Pennsylvania Rules of Civil Procedure.

■ By analogy, both in the civil and criminal areas, the filing of a motion to reconsider does not augment the time period for filing an appeal to our Court. *Erie Human Relations Commission v. Erie Insurance Exchange*, 304 Pa.Super. 172, 174, 450 A.2d 157, 158 (1982) ("A petition for reconsideration will not stay the appeal period"); *Commonwealth v. Holden*, 358 Pa.Super. 238, 240, 516 A.2d 1273, 1274–5 (1986) (" 'The mere filing of a motion for modification and the court's scheduling of a hearing do not affect the running of the thirty day period for filing a timely notice of appeal....' ") (quoting Pa.R.Crim.P. 1410 Commentary); See also Pa.R.Crim.P. 1410 and Pa.R.A.P. 1701.

The record indicates that the trial court denied appellant's reconsideration motion. The trial court also awarded appellee counsel fees under 42 Pa.C.S.A. § 2503(7) which states:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

.    .    .    .    .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter....

Appellee sought counsel fees for the following reasons:

7. Plaintiff's counsel believes and therefore alleges that Judge Standish's Order of Court [which dismissed the second set of preliminary objections] is the law of the case, that it is inappropriate for any other judge to overrule or reconsider Judge Standish's Order, and that Defendant's counsel has acted with inpropriety [sic] in (a) misrepresenting the nature of the pleading he intended to file when he requested an extension after his answer was already untimely and (b) in attempting to schedule this matter before Judge Narick rather than Judge Standish, and (c) in misrepresenting the past determinations of this Court.

"ANSWER TO MOTION FOR RECONSIDERATION AND REQUEST FOR COUNSEL FEES" [1]

Record at No. 18, Allegation # 7.[1]

The order which was entered by the trial court on January 24, 1986, states:

#### ORDER OF COURT

AND NOW, to-wit, this 24th day of January, 1986, after consideration of the Defendant's Motion for Reconsideration and Plaintiff's Answer and Motion for Counsel Fees filed in response thereto, it is hereby ADJUDGED, ORDERED and DECREED that the Defendant's Motion for Reconsideration is denied. It is further ORDERED that the Defendant's counsel shall pay to Plaintiff's counsel within ten (10) days of this order the sum of Two Hundred ($200.00) Dollars as attorneys fees awarded under 42 Pa.C. § 2503(7).

                                          S/ Narick            J.
                                           J    10:00 am.

Record at #19.[2] (Interlineation in original)

1. Both parties indicate in their briefs that appellant was absent at the scheduled time when appellant was to present his motion for reconsideration. Brief for Appellant at 3; Brief for Appellee at 3. Instead, appellee presented appellant's motion.

2. The record indicates that Judge Narick initially issued two orders in this case. The first one, dated September, 1985, denied appellant's preliminary objections and ordered appellee to file an amended complaint. Judge Narick also stated that appellant could renew its preliminary objections at that time. The other order dated October 2, 1985 granted appellee leave to file his amended complaint.

Because the trial court failed to vacate or otherwise nullify its original order denying appellant's preliminary objections, appellant was not entitled to any additional time beyond February 3rd in which to file "an Answer or otherwise plead to Plaintiff's Complaint."

Also, we note that judgment was not taken immediately after appellant was in default. The appellee waited fifteen (15) days before entering judgment. Compare *Horan v. R.S. Cook & Associates, Inc.,* 287 Pa.Super. 265, 269, 430 A.2d 278 (1981) (no snap judgment where judgment was entered twenty-seven days after the extension expired) with *Queen City Electrical Supply Co. v. Soltis Electric Co.,* 491 Pa. 354, 421 A.2d 174 (1980) (one day); *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970) (one day); *Safeguard Investment Co. v. Energy Service Associates,* 258 Pa.Super. 512, 393 A.2d 476 (1978) (one day); *Toplovich v. Spitman,* 239 Pa.Super. 327, 361 A.2d 425 (1976) (four days).

With respect to appellant's contention that judgment should be opened because it acted promptly and had a reasonable excuse and a complete defense to the appellee's claim, we have applied the following guidelines:

"A petition to open a judgment is addressed to a court's equitable powers, and the exercise of those powers will not be disturbed on appeal in the absence of an abuse of discretion." *Hutchison v. Hutchison,* 492 Pa. 118, 123, 422 A.2d 501, 503–04 (1980). "Nevertheless, before a court may properly open a judgment the party seeking such relief must (1) timely file his petition to open; (2) show a meritorious defense ..., and (3) reasonably explain the default which occasioned entry of the judgment." *Service Bureau Co. v. Taylor, Meyer & Associates,* 277 Pa.Super. 560, 566, 419 A.2d 1291, 1294 (1980). *Horan v. R.S. Cook & Associates, Inc.,* 287 Pa.Super. at 265, 430 A.2d at 279.

Because appellant has failed to set forth in his petition to open any defenses or an explanation for his failure to file an answer, the trial court did not abuse its discretion in denying appellant's petition to open. *Explo,*

*Inc. v. Johnson & Morgan,* 295 Pa.Super. 133, 441 A.2d 384 (1982).[3]

Order is affirmed.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I must respectfully dissent from the majority holding. While I do not take issue with the majority's conclusion that a motion for reconsideration should not be construed as a "pleading" for purposes of Pa.R.C.P. 1017, I nonetheless would hold that the judgment of default should be stricken on other grounds.

3. According to the dissent, the judgment should be stricken because a jurisdictional defect occurred in the proceedings below which voided the agreement of counsel to file an answer or otherwise plead. Under the dissent's theory, "a trial judge may not pass upon the decision of another trial judge of the same court on an interlocutory matter." Dissenting Opinion at 556.

However, in this case, another judge did not "pass upon the decision of another trial judge". *Id.* Instead, Judge Narick granted appellee the opportunity to amend his complaint. After the amended complaint and second set of preliminary objections were filed, a decision was made by Judge Standish. Judge Standish did not "pass upon" whether Judge Narick properly allowed appellee the opportunity to amend his complaint. Rather, Judge Standish ruled upon the second set of preliminary objections.

The prohibition against relitigating an issue by another judge of coordinate jurisdiction is designed to prevent "rescinding the order of a colleague." *Commonwealth v. Madden,* 342 Pa.Super. 120, 126, 492 A.2d 420, 424 (1985). Because no order of another judge was rescinded or otherwise overruled, the jurisdictional theory of the dissent must be "quashed."

The dissent also implies that our decision in this case is contradictory to that reached by the Court in *Reifinger v. Holiday Inns, Inc.,* 315 Pa.Super. 147, 461 A.2d 839 (1983). However, *Reifinger* is distinguishable from the instant case on one essential point. A fundamental prerequisite for application of the co-equal judges rule is that the second co-equal judge have *no new evidence* to consider. *Id.,* 315 Pa.Superior Ct. at 151, 461 A.2d at 842; *Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978). The Court in *Reifinger* thoroughly discussed the fact that the record before the second judge who considered the issue of personal jurisdiction was not materially different with regard to that issue than the record before the first judge who considered it. In the instant case, the amended complaint set forth new and different averments than the original complaint. Thus *Reifinger* is inapposite.

In this case, we are confronted with a jurisdictional defect in the proceedings below, which must be addressed before any discussion of the status of appellant's motion for reconsideration is warranted.[1]

The initial set of preliminary objections filed by appellant to the original complaint were argued before, and decided by, Judge Narick of the Allegheny County Court of Common Pleas. By order dated September 12, 1985, appellee was ordered by Judge Narick to file an amended complaint. After the amended complaint was filed, appellant, again, filed preliminary objections, alleging that the amended complaint still failed to set forth a cause of action. On December 6, 1985, argument upon the second set of preliminary objections was heard by Judge Standish of the same court. Appellant requested at that time that the argument be sent back to Judge Narick. That request was overruled, and Judge Standish denied the preliminary objections the same day. It was not until the January 24, 1986 hearing upon the motion for reconsideration that Judge Narick ruled upon the sufficiency of the amended complaint.

It is well settled in Pennsylvania that a trial judge may not pass upon the decision of another trial judge of the same court on an interlocutory matter. *Commonwealth v. Madden*, 342 Pa.Super. 120, 126, 492 A.2d 420, 423 (1985); *Reifinger v. Holiday Inns, Inc.*, 315 Pa.Super. 147, 151–153, 461 A.2d 839, 842–43 (1983). Yet that is precisely what occurred in this case. Judge Narick considered the sufficiency of the initial complaint, and determined that the facts set forth therein did not state a cause of action against appellant. He ordered appellee to file a more definite statement of claim, and granted him twenty (20) days to amend his complaint. This order neither ended the litigation nor put appellee out of court, but was clearly interlocutory. See *Freeze v. Donegal Mutual Ins. Co.*, 504 Pa. 218,

1. Appellant has not raised the jurisdictional issue to be discussed *infra* on appeal, despite the fact that it was raised at various points in the proceedings below. However, the Superior Court has the authority to address an issue of jurisdiction *sua sponte*. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 368–369, 490 A.2d 402, 406 (1985).

221, n. 5, 470 A.2d 958, 960 n. 5 (1983). Moreover, it became the "law of the case" with respect to the sufficiency of the facts as pled in the initial complaint. See *Marmara v. Rawle,* 264 Pa.Super. 229, 238, 399 A.2d 750, 755 (1979). As such, Judge Narick was empowered to evaluate the amended complaint, and to determine if amendment had cured the factual deficiencies present in the original complaint.[2] By refusing to refer the argument on the sufficiency of the amended complaint back to Judge Narick, Judge Standish placed himself in a position to conceivably overrule the "law of the case"; that is to say, he might have found cure effectuated on the basis of superficial amendment which would have been deemed non-remedial by Judge Narick.[3] This is precisely the type of scenario that the "co-equal judges" rule was designed to prevent. See *Reifinger,* supra.[4] As such, Judge Standish's order of December 6 was

2.  It should be noted that Judge Narick was available to hear argument upon the motion for reconsideration in January. The general rule that co-equal judges should not pass upon each other's decisions in the same case, has an unavailability exception; that is, where the initial judge is no longer available to reconsider his or her order, another co-equal judge may, on occasion, hear and rule upon an earlier order issued by a colleague. However, this exception is limited to select situations, such as irremediable unavailability of the initial judge through death, recusal, retirement, transfer, or other causes. See *Reifinger,* supra; *Sherman v. Yoder,* 59 Pa.Cmwlth. 430, 430 A.2d 347 (1981); *Duffy v. Gerst,* 286 Pa.Super. 523, 532, 429 A.2d 645, 650 (1981).

   As Judge Narick was available in January, this limited exception is clearly inapplicable to the matter at bar.

3.  It is true, of course, that Judge Narick did, apparently, concur with Judge Standish's ruling that appellee's amendments were sufficiently remedial, as evidenced by Judge Narick's later denial of appellant's petition for reconsideration. The result, however, does not cure the jurisdictional problem. There was no guarantee that the two judges would agree. It was equally possible that Judge Narick would reach the opposite result. The harm committed by Judge Standish was in the exceeding of his lawful authority, and not in the result he reached. The ends do not validate the means.

4.  The majority opinion, at footnote 3, finds fault with the preceding analysis on the basis that Judge Standish's order did not overrule or rescind the previous order of Judge Narick. As such, it is the majority's view that the "co-equal judges" rule does not apply in this instance.

void *ab initio*.  "When a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a nullity, and objection to it cannot be waived ..." *Dover v. Philadelphia Housing Authority*, 318 Pa.Super. 460, 469, 465 A.2d 644, 649 (1983).

The *Reifinger* decision, authored by Judge Rowley of this panel, is, however, supportive of the position taken in this dissent.  In *Reifinger*, preliminary objections challenging in personam jurisdiction were filed to the complaint, and denied by Judge Rosenwald of the Philadelphia Court of Common Pleas.  Later, a motion for summary judgment, again challenging in personam jurisdiction, came before Judge Chalfin of the same court, and was granted.

In his analysis of this question, i.e. the propriety of Judge Chalfin's ruling, Judge Rowley does not confine his finding of reversible error to Judge Chalfin's *overruling* of the previous order by Judge Rosenwald.  Rather, he clearly states that "(W)e hold that it was error for Judge Chalfin to *consider* Appellee Wilson & Savage's motion for summary judgment." *Reifinger*, supra, 461 A.2d at p. 842 (Emphasis supplied).  Judge Rowley's holding is premised upon a common sense interpretation of the "co-equal judges" rule.  If one judge is not empowered to overrule a colleague's holding with respect to a particular issue, it is pointless to permit that judge to reconsider his colleague's holding, when his discretion would be limited to a mere "rubber-stamp" approval of the previous decision.  In the words of Judge Rowley, a party who desires reconsideration should, where circumstances permit, "prepare a motion for reconsideration and submit it to the same judge who had decided the issue in the first instance." *Reifinger*, supra, at pp. 842–43.

The majority attempts to distinguish *Reifinger* on the basis that the second co-equal judge in *Reifinger* had no new evidence to consider.  The majority contends that the amended complaint in the instant matter contained new averments of fact, and, as such, presented "new evidence" to be considered by Judge Standish, thereby rendering the "co-equal judges" rule inapposite.  The majority is correct in its assertion that the "co-equal judges" rule does not apply when the record before the second judge contains new evidence.  However, the averments in pleadings are not evidence, nor are permitted to contain evidentiary material.  The allegations in a pleading merely set forth material facts so as to frame the issues which will be tried.  See Pa.R.C.P. § 1019; also see Goodrich-Amram 2d § 1019:1, § 1019(a):1, § 1019(a):11.  In *Reifinger*, the second judge was not called upon to review an amended pleading, but a motion for summary judgment.  A motion for summary judgment is not a pleading, but an attempt by a party, after the pleadings are closed, to have judgment entered in its favor.  Pa.R.C.P. 1035(a).  Furthermore, a motion for summary judgment is permitted to include material of an evidentiary nature, such as deposition testimony, answers to discovery requests, and affidavits.  *Id.;* see also Goodrich Amram 2d § 1035:1.  Hence, the *Reifinger* court initially had to determine if the second judge was presented

Having so concluded, it is appropriate to reexamine the agreement made by counsel to extend the time for the filing of appellant's responsive pleading; it must be determined what impact, if any, the void status of the December 6 order had upon the capacity of the parties to agree as they did.

Agreements between counsel are intended to be legally binding contracts. See *Hahnemann Medical College and Hospital of Philadelphia v. Hubbard,* 267 Pa.Super. 436, 406 A.2d 1120 (1979). However, they must be adjudged valid in accordance with the general principles of contract law to be enforceable. *Hahnemann,* supra.

With respect to the instant agreement, it would appear that the usual elements of a contract were present: a bargained-for exchange of promises, supported by valid consideration.[5] Restatement, Second, Contracts §§ 1, 2, 71, 75. However, for an agreement of this nature to be enforceable, the promises exchanged must impose some legal duty of performance upon the parties, for which a remedy exists in the event of a breach. Where the law neither recognizes a duty nor provides a remedy for breach, the agreement is generally void. Restatement, Second, Contracts § 1, 7, Comment a. A void contract is of no legal effect whatsoever, and may be ignored by either party at

with any new evidence through the motion for summary judgment. Therefore, the majority's attempt to distinguish *Reifinger* is flawed.

**5.** Because of the conclusion to be reached *infra,* that the agreement was void *ab initio,* it may be argued that there was also no consideration to support the parties' mutual promises. A promise to forbear given in exchange for a promise to perform a legal duty is supported by valid consideration where the parties possess a good faith belief in the action or defense they are permanently surrendering, or temporarily forbearing from asserting. This is true even where their agreement is ultimately determined to be invalid. The fact that a rule of law renders a promise voidable or unenforceable, does not mean that the promise was not valid consideration. Restatement, Second, Contracts §§ 73; 74, comments, a, b, d; 75; 78.

Here, appellee agreed to temporarily forbear from taking a default judgment, while appellant waived its right to further notice prior to the taking of default if a responsive pleading was not filed by February 3, 1986. As such, the conclusion to be reached *infra* does not affect the validity of the consideration supporting this agreement.

will.  See *Yannuzzi v. Commonwealth State Horse Racing Commission,* 37 Pa.Cmwlth. 288, 390 A.2d 331, 332 (1978); Black's Law Dictionary 1745 (4th ed. 1968).  This is in contrast to a voidable contract, where a party who is not legally bound to perform, selects to perform anyway, and terminates his right to avoid the agreement.  Restatement, Second, Contracts § 7, Comments b, e.  The crucial distinction is that a void agreement cannot be cured by an act of one or both of the parties, as the defect in the writing is beyond the control of the parties.  *Yannuzzi,* supra; Black's Law Dictionary.

Applying this void-voidable distinction, I would hold the agreement to be void.  The agreement was premised upon the ability of Judge Standish's order to compel an answer or responsive pleading, from appellant.[6]  However, Judge Standish's order was void, and could compel nothing.  It was of no legal effect.  An answer or responsive pleading was not due from appellant until Judge Narick ruled upon the objections to the amended complaint.  Furthermore, this defect could not be cured by either of the parties; neither, silence, consent, nor resignation can confer authority or jurisdiction over a cause of action where it does not exist. *Commonwealth v. VanBuskirk,* 303 Pa.Super. 148, 149, n. 1, 449 A.2d 621, 622 n. 1 (1982); *In re Pozzuolo's Estate,* 433 Pa. 185, 249 A.2d 540, 545 (1969).  As such, I would hold the agreement of counsel here void, as opposed to merely voidable.  Appellant had twenty (20) days from the denial of its motion for reconsideration to file a responsive pleading.  At the end of that 20 day period, appellant was entitled, then, to a formal notice of appellee's intent to take default.  Pa.R.C.P. 237.1(a).  In the absence of such notice,

6.  While this premise is not stated in the January 3, 1986 letter confirming the agreement, courts are permitted to "imply" a term which is a logical deduction from agreed terms and circumstances, or would appear a common tacit assumption, when the term supplied would appear essential to a determination of the rights and duties of the parties.  Restatement, Second, Contracts § 204, Comment c. Clearly, it would appear logical to assume that this agreement would never have come into being had the parties known that the December 6 order was a nullity.

the entry of default judgment against appellant was a snap judgment. Since snap judgments are highly disfavored, *Nevils v. Chernitsky*, 244 Pa.Super. 501, 504, 368 A.2d 1297, 1298 (1976), I would strike the judgment below, and permit appellant to file an answer only.[7]

7. There is a further issue as to whether the agreement here, because of the parties' disagreement concerning the status of a motion for reconsideration, would be unenforceable for lack of mutual assent to the same terms. However, this issue has not been raised, and is waived. The previous discussion upon various principles of contract law related solely to the jurisdictional issue: that is, did the lack of authority for the December 6 order prevent a contract from being formed? Any further discussion as to the term "motion for reconsideration" in contractual terms would be inappropriate. The majority has limited its discussion to the status of such motions for procedural purposes. I believe the majority's decision to confine itself thus was entirely correct.